**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joseph DIPPOLITO, Defendant-**
**Appellant.**

**No. 24965.**

United States Court of Appeals,
Ninth Circuit.

Nov. 13, 1970.

Dwain Clark (argued) of Marshall & Clark, Los Angeles, Cal., for defendant-appellant.

Gerald F. Uleman (argued) Asst. U. S. Atty., Robt. L. Meyer, U. S. Atty., David R. Nissen, Chief, Criminal Division, Los Angeles, Cal., for plaintiff-appellee.

Before BARNES and DUNIWAY, Circuit Judges, and CROCKER,* District Judge.

CROCKER, District Judge:

Appellant was convicted of two counts of perjury before a duly impaneled and sworn Grand Jury in the Central District of California in violation of 18 U. S.C. § 1621. The appellant testified before the Grand Jury while it was conducting an investigation of possible violations of revenue laws of the United State for concealed ownership of a liquor store in Ontario, California.

The liquor license of the store was issued to appellant's father on the express condition that the appellant not own or acquire any interest in the business, that he take no part in the operation of the business, or in any way exercise the privilege of the license. The father subsequently died. Under his will the store was devised to appellant with the provision that in the event the liquor license was not transferable, or the appellant did not desire to operate the store, it could be sold by the executors and the proceeds distributed to the appellant.

Appellant's sister was appointed executrix of the father's estate and the liquor license was issued to her with the

---

* Honorable M. D. Crocker, United States District Judge, Eastern District of California, sitting by designation.

same prohibitory condition regarding the appellant included therewith. Subsequently, for a period of approximately seven years the estate was held open and the store operated. The Grand Jury investigation was instituted for the stated purpose of determining who actually was exercising ownership of the store by virtue of managing and operating it. The exercise of ownership by someone other than the executrix would indicate the possibility of violations of revenue statutes of the United States.

On appeal to this court the appellant first argues that the testimony which was the subject of the indictment was not material to any matter within the jurisdiction of the Grand Jury. It is contended that appellant's relationship with respect to the store was clearly defined under the provisions of the will and the liquor license. Unless the California Alcholic Beverage Control Board relented on the liquor license, appellant would continue to be bound under the prohibitory provision. The executrix was obligated by law to operate the store for the benefit of decedent's estate until closing at which time the proceeds from the sale of the store would be distributed to appellant as beneficiary under the will. If, however, the prohibitory clause of the liquor license were deleted, at closing the appellant could either elect to take the store itself, or the proceeds from the sale of the store.

Appellant argues that since the foregoing was a matter of public record, inquiry seeking to establish that he "worked" at or "managed" the store was completely immaterial to the announced statutory purpose of the inquiry (i. e., to determine if ownership of the store was being concealed so as to violate federal law). It is urged that the questions asked were material only as to whether or not there had been a violation of the prohibition contained in the liquor license.

We do not believe the question of materiality presented here can be so narrowly construed. The court below ruled as a matter of law that the questions asked were material to the investigation. In prosecution for perjury before a Grand Jury the test of materiality which has been employed is whether the false testimony has a natural tendency to influence the Grand Jury in its investigation. Woolley v. United States, 97 F.2d 258, 262 (9th Cir. 1938); Vitello v. United States, 425 F.2d 416, 424 (9th Cir. 1970).

While the public record disclosed a documentary relationship between appellant and the store, it is obvious that such could have been a facade behind which a different relationship actually existed. This being a possibility, there could have been violations of federal revenue laws in the arrangement. Appellant's false testimony in response to questions regarding this arrangement would surely influence the Grand Jury in its investigation. Therefore, the test for materiality is met. It is of no consequence whether or not concealed ownership was eventually established by the investigation. See, Blair v. United States, 250 U.S. 273, 282, 39 S.Ct. 468, 63 L.Ed. 979 (1919); Carter v. United States, 417 F.2d 384, 386 (9th Cir. 1969).

Appellant's next contention is that the evidence is insufficient to sustain the judgment of conviction. He was convicted of perjury on counts one and three of the indictment. This allegation is based largely on the fact that the indictment does not make reference to the whole of appellant's testimony before the Grand Jury. The appellant maintains that qualifying language contained in his testimony, but not reported in the indictment, made clear that he was, at least, confused and that the testimony was not intended to contain misstatements of fact.

On appeal, the sufficiency of the evidence must be tested in a light most favorable to the Government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Amaro, 422 F.2d 1078, 1081 (9th Cir.

1970). Since appellant does not challenge the substance of the evidence produced at trial but merely its interpretation, no problem of corroboration of the evidence is presented here. See, Arena v. United States, 226 F.2d 227 (9th Cir. 1955); Gebhard v. United States, 422 F.2d 281 (9th Cir. 1970). We believe that the evidence is clearly sufficient to support the conviction on both counts of the indictment.

Count one involved appellant's negative responses to inquiries as to whether he participated in the managment of the store. There may be some indication of hesitance on his part in the testimony. However, it is clear that he intended to indicate that he did not participate in the management of the store. Furthermore, there is no evidence that he was confused. He was advised of the nature of the proceedings and the purpose of the investigation prior to his being questioned. His attorney was present to assist him. His answers were direct and there is no evidence that he suffered from a defect of capacity.

The evidence of his participation in management is substantial. Although he denied having anything to do with the books and records of the store, he in fact had made out, but had not signed, 672 checks on the account of the store over a period of seven years. Evidence was also produced which showed that on several occasions he had engaged in negotiations on behalf of the store. He had also delivered the records of the store along with his own records to their mutual accountant. Finally, on several occasions the accountant had directed him to make out checks on behalf of the store and he did so.

Count three relates to the portion of his testimony concerning whether or not he worked in the store. The thrust of his answers was to the effect that he very rarely worked behind the counter in the store and then only briefly when the regular employees were momentarily indisposed. There is no qualifying language indicating any greater participation than this. The Government produced seven agents at trial who testified that one or more of them had placed appellant under surveillance on nine separate occasions. Appellant was observed opening the store in the morning and waiting on customers from behind the counter. There were no other employees apparent in the store. In each instance the agent entered the store, made a purchase from appellant, and obtained his fingerprints on the item purchased.

Appellant's final allegation is that the purpose for calling him before the Grand Jury was to entrap him so as to establish a case of perjury against him. This defense was not raised at trial. Furthermore, we do not find support for the allegation in the record.

The judgment is affirmed.