**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Richard GLASCO, Jr., Defendant-**
**Appellant.**

No. 73-2720

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 4, 1974.

Robert W. Duckworth, Orlando, Fla. (Court-appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Jeffry R. Jontz, Asst. U. S. Atty., Orlando, Fla., for plaintiff-appellee.

Before BELL, GODBOLD and GEE, Circuit Judges.

PER CURIAM:

Glasco appeals from a conviction of perjury, 18 U.S.C.A. § 1621, alleging that the District Judge should have granted his motion to suppress the testimony forming the basis of the conviction. The testimony was given by Glasco in the federal trial of Leonard Stroble, charged with transporting a stolen vehicle in interstate commerce and with conspiring with Glasco to do so. Glasco, having entered a guilty plea in his own trial for interstate transportation of the same stolen vehicle, was serving a sen-

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

tence on that charge. While testifying as a defense witness at Stroble's trial he made the statements forming the basis of his present perjury conviction.

The denial of a motion to suppress this testimony is the sole issue on appeal. The motion was premised on a contention that the testimony was given while Glasco was in custody and that, therefore, he should have received prior to his testimony warnings that he had a right to remain silent, that any statement made by him could be used against him, and that he had the right to the presence of an attorney prior to testifying. The trial court correctly denied this motion.

In United States v. Orta, 253 F.2d 312 (CA5, 1958) cert. denied, 357 U.S. 905, 78 S.Ct. 1149, 2 L.Ed.2d 1156 (1958), this court stated:

A witness, ignorant and uninformed of his constitutional rights, does not intelligently waive them if he testified, thinking that he was compelled to do so. He might answer truthfully and thereafter assert the constitutional guaranty. Under no circumstances, however, could he commit perjury and successfully claim that the Constitution afforded him protection from prosecution for that crime.

253 F.2d at 314. *Orta* was a pre-*Miranda* decision, but its post-*Miranda* vitality was indicated in United States v. Wilcox, 450 F.2d 1131, 1140–1141 (CA5, 1971) and in Stassi v. United States, 401 F.2d 259, 264 (CA5, 1968). More recently in United States v. Daniels, 461 F.2d 1076 (CA5, 1972), a case in which an appellant convicted of perjury in the course of testifying before a grand jury argued that he should have been afforded and advised of a right to appointed counsel when so testifying, this court affirmed the continuing force of *Orta*.

One reason for this result was articulated in Glickstein v. United States, 222 U.S. 139, 142, 32 S.Ct. 71, 73, 56 L.Ed. 128, 130 (1911):

. . . the immunity afforded by the constitutional guaranty (against self-incrimination) relates to the past, and does not endow the person who testifies with a license to commit perjury.

Accord, United States v. Orta, supra, 253 F.2d, at 314.

Affirmed.