**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William SISACK, Defendant-Appellant.**

**No. 75–1521.**

United States Court of Appeals, Ninth Circuit.

Dec. 3, 1975.

As Amended Jan. 26, 1976.

James M. MacInnis, San Francisco, Cal., for defendant-appellant.

George J. Hincley, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

## OPINION

Before WRIGHT and CHOY, Circuit Judges, and TAYLOR,* Senior District Judge.

* Honorable Fred M. Taylor, United States District Judge for the District of Idaho, sitting by designation.

EUGENE A. WRIGHT, Circuit Judge:

On his appeal from a conviction by a jury on five counts of giving false testimony before a grand jury [18 U.S.C. § 1623], Sisack argues (1) that the government failed to prove that the grand jury which called appellant to testify was investigating matters properly before a federal grand jury, (2) that the government failed to prove that his statements before the grand jury were material to its investigation and (3) that the prosecution witnesses were so lacking in credibility that their testimony could not support the verdict.

We affirm the conviction on all counts, direct the clerk to issue the mandate to the district court forthwith, and indicate that we will not entertain a petition for rehearing.

Sisack is a sergeant in the San Francisco Police Department. He was called before a federal grand jury which was considering possible violations of the Hobbs Act [18 U.S.C. § 1951]. He denied receiving money and other gifts from several named owners of local bars, some of which catered to homosexuals.

At his trial, the bar owners testified that they gave Sisack monthly installments or gifts apparently in return for noninterference from the police. The government also took the testimony of the grand jury foreman in order to prove that appellant's testimony before the grand jury was material to a properly authorized investigation. The foreman testified that the grand jury was investigating "police payoffs" in an attempt to uncover the extent of such practices. He did not mention the Hobbs Act or the connection between local crime and federal law.

At the close of the government's case, defense counsel moved for a judgment of acquittal because the government had produced no evidence to indicate the federal grand jury's authority to investigate local police conduct. The court took the motion under submission and subsequently, over defense objection, granted the government's motion to reopen the case for further direct examination of the grand jury foreman. The foreman then testified for the first time about the scope of the grand jury's inquiry:

> [T]he investigation that was taking place was having to do with how police payoffs in this city affected the federal laws.

R.T. 376.

He specifically noted the Hobbs Act as the federal statute involved.

■ Appellant argues that the trial court's reopening of the case was improper and without that testimony there was no evidence that the grand jury investigation was authorized. In the alternative, he argues that, even if this additional testimony were considered, there was insufficient evidence to support the conclusion that the investigation was authorized. We reject both contentions.

The reopening of a criminal case either to present omitted evidence or to add further testimony after either of the parties has rested is within the sound discretion of the Trial Court. *Harrison v. United States,* 5 Cir., 1968, 387 F.2d 614; *Massey v. United States,* 10 Cir., 1966, 358 F.2d 785; *Lucas v. United States,* 8 Cir., 1965, 343 F.2d 1. *United States v. Wilcox,* 450 F.2d 1131, 1143 (5th Cir. 1971).

While appellant concedes that reopening is within the trial court's discretion, he cites this court's decision in *Eason v. United States,* 281 F.2d 818, 822 (9th Cir. 1960), for the proposition that it should be done with "extreme reluctance." *Eason* does not support appellant's position in the context of this appeal.

The defense request to reopen in *Eason* occurred after both sides had rested and the jury had been deliberating for more than three hours. Moreover, the request arose in response to a question from the jury delivered to the judge after it had begun deliberations.

This court, recognizing that the decision to reopen was within the trial court's discretion, offered three reasons for affirming the denial of the motion.

It noted that presentation of additional testimony after jury deliberations had begun might give the testimony undue emphasis. Secondly, no reason for the untimeliness of the motion was provided. Finally, at the time the request was made it was unclear whether the proposed testimony was material to the jury's question.

There was little likelihood here of distorting the importance of the additional testimony because the defense was still presenting evidence. We note that appellant does not contend that any distortion of the evidence occurred. Here also, the materiality of the evidence cannot be questioned. Appellant admitted as much earlier when he moved for a judgment of acquittal on the basis that the government's case-in-chief lacked such evidence. Finally, in arguing for permission to reopen the case, the government alluded to being cut short inadvertently by the court in its earlier attempt to elicit this testimony from the grand jury foreman.[1]

■ The reasoning of *Eason, supra,* as applied in the context of this appeal, clearly indicates that the trial judge did not abuse his discretion in allowing the additional testimony of the foreman on the scope of the grand jury's inquiry. The jury could properly consider this additional testimony.

Appellant contends that a perjury conviction cannot rest upon testimony given before a grand jury conducting an unauthorized inquiry. *See United States v. Koonce,* 485 F.2d 374, 380 (8th Cir. 1973). The foreman testified that the grand jury was examining alleged police payoffs to see if violations of the Hobbs Act had occurred. Congress has clearly indicated its intent to punish under this Act similar extortionate conduct having even a de minimis effect on commerce. *See United States v. Braasch,* 505 F.2d 139, 147 (7th Cir. 1974).

■ The mere possibility that violations of federal law have occurred is sufficient authority for a grand jury investigation. *See United States v. Dippolito,* 433 F.2d 1049, 1050 (9th Cir. 1970). The foreman's testimony provided sufficient support, as a matter of law, for the conclusion that the grand jury's investigation was proper.[2]

■ Appellant's additional contention that his testimony did not, by itself, relate to interstate commerce and was not, therefore, material to the grand jury investigation is more easily disposed of.

> The only requirement is that the question be material to a subject of grand jury inquiry. The evidence need not be material to the main issue and it need not be directed to the primary subject of the investigation. It is material if it is relevant to any subsidiary issue then under consideration.

*United States v. Percell,* 526 F.2d 189, 190–191 (9th Cir. 1975).

■ Here, the primary focus of the investigation was on police payoffs and appellant's testimony bore directly on that issue. The relationship of his testimony to interstate commerce is not,

---

1. During the first direct examination of the foreman, the witness was asked why the grand jury had questioned appellant. Before he could respond, defense counsel objected and the court directed the prosecutor to focus on whether appellant was actually asked the questions which formed the basis of the indictment. The prosecutor said:

> "I simply wanted to establish the questions were material by showing what they hoped to elicit by asking the questions. The materiality is in issue in this case."

R.T. 72. He then proceeded to develop the foreman's testimony as the court had directed. It is therefore understandable that the court acceded to the prosecutor's request to reopen the case for testimony on this issue.

2. We note that both the authority of the grand jury to conduct the investigation and the materiality of appellant's responses before that body are questions for the court not the jury. *Vitello v. United States,* 425 F.2d 416, 423 (9th Cir. 1970). Although the trial court improperly submitted these questions to the jury, its verdict conforms to the law and no worthwhile purpose would be served by requiring a new trial. *Cf. United States v. Clizer,* 464 F.2d 121, 124 (9th Cir. 1972).

therefore, of any importance in determining its materiality.

Appellant also challenges the sufficiency of the evidence to support the verdict. His challenge is indirect. Apparently, he does not contend that the government witnesses did not present sufficient evidence of extortion by him to support the conviction. Instead, because of the sordid occupations and past histories of many of these witnesses, he urges that their testimony should not have been credited.

Questions of fact and the concomitant issues of credibility are for the jury. They will not be disturbed on appeal unless there is no substantial evidence to support them. No such showing was even attempted here. Considering the evidence as we must in the light most favorable to the government, the jury could find beyond a reasonable doubt that appellant was guilty as charged.

Affirmed.