UNITED STATES of America,
Plaintiff-Appellee,

v.

Billy Charles ANFIELD,
Defendant-Appellant.

No. 75–3471.

United States Court of Appeals,
Ninth Circuit.

July 14, 1976.
Rehearing Denied Oct. 7, 1976.

Phillip M. Margolin (argued), of Nash & Margolin, Portland, Or., for defendant-appellant.

Jack C. Wong, Asst. U. S. Atty. (argued), Portland, Or., for plaintiff-appellee.

## OPINION

Before WRIGHT, KILKENNY and SNEED, Circuit Judges.

SNEED, Circuit Judge:

Appellant was convicted on five (5) counts of perjury in violation of 18 U.S.C. § 1623. The trial court allowed a motion for judgment of acquittal as to Count One and imposed sentence on the remaining counts. We affirm.

## STATEMENT OF FACTS.

Appellant's indictment on five counts of perjury stemmed from his testimony before the grand jury and during the trial in the case of *United States v. Leslie Jackson*, CR 74–250. His involvement in the *Jackson* case arose when he reported a burglary of his mother's house to the police and indicated that he suspected Leslie Jackson, the brother of a friend. The FBI, also suspecting Jackson of bank robbery, contacted appellant and sought to elicit information from him about his knowledge of Jackson's involvement in the bank robbery. Appellant on several occasions exhibited reluctance to become involved, but upon issuance of a subpoena did appear and testify before the grand jury and gave evidence which linked Jackson to the robbery.

Upon completion of his grand jury testimony, appellant expressed his dismay with the proceedings and indicated to the prosecution that he thought the questions asked were unfair. Shortly before the *Jackson* trial, appellant was incarcerated as a material witness. Upon his release the next day, appellant visited the prosecutor, Mr. Wong,

expressed his outrage, and vaguely threatened the prosecutor.

At the *Jackson* trial appellant testified concerning the same matter with respect to which he testified before the grand jury, but his testimony differed in certain pertinent respects from that given before the grand jury. These differences are set out in the information.[1]

Subsequent to the final disposition of the *Jackson* case, appellant was indicted and charged with five counts of perjury. Appellant moved to suppress his statements made during the trial of *United States v. Jackson*, contending that he was at that time a putative defendant and entitled to *Miranda* warnings. The motion was denied. On the day set for trial the Government moved for a continuance, seeking to alter the indictment. The court granted the motion, at which time the appellant waived the indictment and proceeded to trial on an information. Appellant was found guilty on all five counts; however, the court granted a motion for judgment of acquittal as to Count One.

Appellant has let fly a quiver full of arrows directed at his perjury convictions. All have missed their mark. Each will be dealt with below.

## I.

### *Miranda Warning.*

Appellant renews his claim that at the time of the *Jackson* trial he was a putative defendant[2] and thereby entitled to a full and complete *Miranda* warning, or, alterna-

---

1. The four counts on which appellant presents this appeal alleged perjury with respect to testimony given concerning:

    · *Count II*, whether Jackson had told appellant that he had obtained a large amount of money;

    *Count III*, whether Jackson had told appellant that there were cameras in the place that Jackson had been;

    *Count IV*, whether Jackson had told appellant that there was a single girl in the place Jackson had been; and

    *Count V*, whether Jackson, while a passenger in appellant's car, had told appellant to

avoid the street on which the bank was located.

    The particular testimony relating to Counts II and V is set out in footnote 4, *infra*.

2. A putative defendant is one against whom the Government already possesses incriminating evidence at the time of his appearance before a tribunal, or upon whom the Government has focused as having committed a crime—having called him with one eye on prosecution. *United States v. Wong* (9th Cir. No. 74–1636, Sept. 23, 1974); *United States v. Mandujano*, 496 F.2d 1050, 1053–54 (5th Cir. 1975), rev'd, (1976), —— U.S. ——, 96 S.Ct. 1768, 48 L.Ed.2d 212.

tively, that he was entitled to a *Miranda* warning due to his incarceration as a material witness. It follows, he contends, that the prosecutor's failure to give him the warnings required suppression of his trial testimony as evidence.

■ The general rule that a grand jury witness is not entitled to warnings of his right to remain silent has been reaffirmed by the Supreme Court in *United States v. Mandujano*, (1976), —— U.S. ——, 96 S.Ct. 1768, 48 L.Ed.2d 212. Our intimations to the contrary, *United States v. Fong*, 529 F.2d 55 (9th Cir. 1975), must be put aside. It is now incumbent upon such a witness to invoke the Fifth Amendment should he desire to remain silent. The absence of a *Miranda* warning does not relieve him of this burden.[3] A witness giving testimony in a trial in open court occupies no better position.

■ Nor did his incarceration as a material witness entitle appellant to a *Miranda* warning. A court in the exercise of its sound discretion has the power, inferable from 18 U.S.C. § 3149 and Rule 46(b) Fed.R. Crim.P., to issue a warrant of arrest, not preceded by a subpoena, for a material witness. *Bacon v. United States*, 449 F.2d 933 (9th Cir. 1971). *Cf. Barry v. United States*, 279 U.S. 597, 616, 49 S.Ct. 452, 73 L.Ed. 867 (1929). The custody of appellant as a material witness was not of the type requiring *Miranda* warnings. *United States v. Glasco*, 488 F.2d 1068 (5th Cir. 1974). The use of appellant's trial testimony was proper.

## II.

*Government's Motion For Continuance.*

■ Appellant next contends that the trial court abused its discretion in granting the Government's motion for a continuance on the date of trial. It is well established that a ruling on a motion for continuance is within the discretion of the trial judge and is subject to reversal only for abuse of that discretion. *United States v. Harris*, 501

F.2d 1 (9th Cir. 1974); *United States v. Young*, 470 F.2d 962 (9th Cir.), *cert. denied*, 410 U.S. 967, 93 S.Ct. 1444, 35 L.Ed.2d 701 (1973). The record discloses a careful and studious evaluation of the conflicting interests of both parties before granting the Government's motion. The trial court acknowledged appellant's interest in securing a speedy trial and the court's desire for judicial efficiency; balanced against these interests, however, were the dictates of fundamental fairness and the recognized seriousness of the offense of perjury. Inasmuch as the Government's motion was the result of inadvertent drafting of the indictment, the court did not abuse its discretion in granting the motion.

After granting the continuance the record shows a knowing and voluntary waiver by the appellant of his trial by indictment. Such a waiver is permissible. Rule 7(b), Fed.R.Crim.P.

## III.

*Materiality of the Perjurious Statements.*

Appellant's next claim relates to the materiality of his perjurious statements. Basically he contends that even if his statements were false, evidence of the materiality of a false or inconsistent statement is a requirement of a perjury conviction. He then contends that the Government failed to establish that a bank robbery occurred and, therefore, the materiality requirement was not met. In support of this contention he further argues that no competent evidence of materiality was before the court inasmuch as only his testimony was introduced and not the entire transcript of the *Jackson* trial. He relies on *Segal v. United States*, 246 F.2d 814 (8th Cir. 1957), and asserts that it requires the production of the entire record of the *Jackson* trial and the grand jury proceedings to prove the materiality of the perjured testimony.

■ While it is true that evidence of the materiality of a false or inconsistent

---

**3.** Although we believe that appellant was not a putative defendant, in light of the recent *Man-* *dujano* decision, we do not need to make such a finding.

statement is a requirement of a perjury conviction, the evidence need not be material to the main issue nor need it actually impede the investigation. The requirement merely necessitates that the false declaration have a tendency to influence, impede, or hamper a tribunal from pursuing its investigation. *United States v. Sisack*, 527 F.2d 917 (9th Cir. 1976); *United States v. Percell*, 526 F.2d 189 (9th Cir. 1975). This determination is evaluated at the time of the investigation and is properly a question of law for the court. *Vitello v. United States*, 425 F.2d 416 (9th Cir. 1970).

We do not read *Segal* as requiring the production of the record of the trial of Jackson and the grand jury proceedings in which the appellant gave testimony. It only requires that the perjured testimony be given in a competent tribunal and that the testimony be material to the cause then on trial. 246 F.2d at 818. These requirements were met by the prosecution in this case.

The complete transcript of the appellant's trial testimony, as well as his grand jury testimony, was introduced and properly identified and authenticated by the attorney charged with prosecuting Jackson for bank robbery. This was sufficient to establish that the appellant gave testimony before a competent tribunal.

The materiality of the appellant's testimony in the *Jackson* trial was also established. It is clear from this testimony that Jackson was being tried for bank robbery. Under these circumstances appellant's testimony that Jackson had not told him that he, Jackson, had obtained a large sum of money was clearly material because it was capable of influencing a jury considering whether Jackson was guilty.

## IV.

### Motion To Strike As Hearsay Evidence the Testimony of Prosecutor in Jackson Trial.

Appellant also complains that the testimony in his perjury trial of the prosecutor

in the *Jackson* trial, was hearsay and, as such, should have been excluded. We do not agree.

The hearsay rule does not operate to render inadmissible every statement repeated by a witness as made by another person. It does not exclude evidence offered to prove the fact that a statement was made, rather than the truth. *See, e. g., United States v. Hatcher*, 496 F.2d 529 (9th Cir. 1974). The prosecutor's testimony at appellant's trial that appellant had testified before the grand jury that Jackson told him that there was a camera and a single girl in the bank which was robbed and then denied this at Jackson's trial was not hearsay for the purposes of the present case. The prosecutor was not attempting to prove that there was in fact a camera and single girl in the bank; those facts were not in issue at appellant's trial. Rather, the prosecutor's statements indicate only that the appellant made inconsistent statements under oath. His testimony was independently relevant. *See* 6 Wigmore on Evidence § 1766 (3d ed. 1940).

## V.

### The Failure To Dismiss Counts Two and Five.

Appellant additionally contends that the statements set out in Count Two and Count Five constitute literally true but perhaps unresponsive declarations, which pursuant to *United States v. Bronston*, 409 U.S. 352, 93 S.Ct. 595, 34 L.Ed.2d 568 (1973), are not to be remedied by prosecution for perjury. *Bronston* requires that the questioner press upon the witness precise and simple questions designed to reveal the ambiguity or unresponsiveness of previous answers and prohibits the substitution of prosecution for perjury for this technique. *See United States v. Cash*, 522 F.2d 1025 (9th Cir. 1975). The questions asked which are the concern of Counts Two and Five are precise, simple, direct, and unequivocal. The responses in the two proceedings were

fundamentally inconsistent.[4] Both could not be literally true. The failure to dismiss these counts was not improper.

## VI.

### The Recantation Defense.

Finally, appellant contends that he was entitled to an instruction on the recantation defense provided in 18 U.S.C. § 1623(d).[5] The purpose of this section is to induce a witness to give truthful testimony by permitting him voluntarily to correct a false statement without incurring the risk of prosecution for doing so. *United States v. Del Toro*, 513 F.2d 656, 664–65 (2d Cir. 1975). There is, however, no necessity for the prosecution to advise the witness of his right to recant. *United States v. Lardieri*, 497 F.2d 317, 321 (3d Cir. 1974), *on rehearing, remand withdrawn and judgment affirmed*, 506 F.2d 319 (1974). Presumably, an oral admission of falsehood in the same proceeding will suffice. No such statement was made. Appellant did not recant. Testimony which serves to cast doubt as to the truth of that which is perjurious is not a recantation. Being a poor liar does not make one a repentant sinner. No instruction was necessary.

AFFIRMED.

---

4. COUNT II: Appellant elicited the following testimony before the grand jury:

Q. Okay. Did you in fact, ask him how much he had obtained?
A. Yes, I did.
Q. What did he say?
A. He just told me, you know, a figure.
Q. What figure?
A. Just a lot of money.

\* \* \* \* \* \*

Q. Was it a large amount?
A. Yes, it was a large amount.

At trial appellant testified as follows:

Q. Did Mr. Jackson tell you know how much money he had . . . that he had obtained a large amount of money?
A. No, Mr. Jackson did not.
Q. At no time?
A. At no time.

COUNT V: Appellant testified before the grand jury as follows:

Q. This is the road in which he wanted you to avoid a certain spot when you were on your way from the Tamerack Apartment, avoid the normal route, which goes by Lombard and Columbia. He asked you not to go down Lombard. (Lombard is the street on which the robbed bank was located).
A. Yes.
Q. Would you tell us about that?
A. Just driving . . . I was taking him across town, I turned on Lombard. He asked me not to go down Lombard. That was all to it.

At trial appellant testified as follows:

Q. Well, did there come a time when you were going to go on Lombard Street and Mr. Jackson objected?
A. No; he didn't object to it.
Q. Well, did he ask you not to go onto Lombard?
A. No, I hadn't reached Lombard Street.
Q. All right. Did he tell you not to go on Lombard between Chautauqua and Interstate?
A. No, he just asked me, you know, would I take him around this way, and that's the way I went.
Q. Instead of going down Lombard?
A. Instead of going down Lombard or any other street that goes that way.
Q. Were you going to go down Lombard?
A. I don't know. I didn't reach Lombard.

5. 18 U.S.C. § 1623(d) reads as follows:

Where, in the same continuous court or grand jury proceeding in which a declaration is made, the person making the declaration admits such declaration to be false, such admission shall bar prosecution under this section if, at the time the admission is made, the declaration has not substantially affected the proceeding, or it has not become manifest that such falsity has been or will be exposed.