UNITED STATES of America, Plaintiff,

v.

**Dennis B. COLDWELL, Defendant.**

**No. 79–22–CR.**

United States District Court,
E. D. Oklahoma.

April 6, 1979.

Julian Fite, U. S. Atty., by James E. Edmondson, Asst. U. S. Atty., Muskogee, Okl., for plaintiff.

Tim K. Baker, Tahlequah, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

The above–named Defendant is charged herein with two counts of unlawfully distributing dilaudid, a Schedule II controlled dangerous substance which is a narcotic drug, in violation of 21 U.S.C. § 841(a)(1). The case is scheduled to be tried on the April 23, 1979 criminal jury docket. The action is now before the Court on the Government's Application for Warrant of Arrest and For Order Imposing Conditions of Release of Material Witness.

In its Application, the Government indicates that Randell Morell Alston is a material witness in the trial of this case; that it may become impracticable to secure his presence by subpoena since he has secreted himself and has declared his intention not to cooperate or give testimony, and has violated the rules and conditions of his probation; that Alston's testimony is material and necessary to the prosecution of this case as he was the purchaser of the controlled substance dilaudid from the Defendant on the two occasions specified in the counts of the Indictment, that he is the sole eyewitness to the Defendant's alleged violations, and that he is an indispensable link in the chain of custody of the controlled substances involved; that it is not possible to obtain his deposition since such testimony could not be admitted at trial over Defendant's objection, and that, in any event, his cooperation and presence are unavailable for a deposition. The Government contends that pursuant to 18 U.S.C. § 3149 and Rule 46(b), Federal Rules of Criminal Procedure, Alston should be detained or conditions of release should be imposed on him in order to prevent failure of justice. The Government moves the Court for an order detaining Alston or fixing conditions for his release as provided by law, and for the issuance of a warrant for the arrest of Alston as a material witness to assure his presence during the trial of this case.

In support of its Application, the Government submits an affidavit of James Dempewolf, agent for the Oklahoma Bureau of Narcotics and Dangerous Drug Control. Dempewolf states in his affidavit that it may become impracticable to secure the presence of Alston by subpoena since: he has refused to cooperate with law enforcement officials since April 15, 1978; on March 28, 1979 Alston's probation officer informed Dempewolf that Alston has violated the rules and conditions of his probation by failing to make monthly reports to his probation officer and by absconding from supervision; Alston informed Dempewolf on December 16, 1978 that he would testify in this case only upon conditions that Dempewolf indicates are impossible to meet, i. e., that the Oklahoma Bureau of Narcotics and Dangerous Drug Control would not proceed against Alston for revocation of his probation, that it would prevent any felony drug charges from being brought against Alston's wife, and that it would not file felony drug charges against him for offenses for which he had been arrested on December 16, 1978; after Dempewolf twice contacted Alston's attorney in unsuccessful efforts to locate Alston for the purpose of serving him with a subpoena before the Grand Jury, Alston's attorney told Dempewolf on March 19, 1979 that Alston had been informed of the subpoena and had said that he would not cooperate, receive the subpoena or appear before the Grand Jury; and that Alston's

present whereabouts are unknown to the Oklahoma Bureau of Narcotics and Dangerous Drug Control and to the office of the United States Attorney for this district.

■ A court in the exercise of its discretion has the power, inferable from 18 U.S.C. § 3149 and Rule 46(b), Federal Rules of Criminal Procedure, to issue a warrant of arrest, not preceded by a subpoena, for a material witness. *United States v. Anfield*, 539 F.2d 674, 677 (9th Cir. 1976); *Bacon v. United States*, 449 F.2d 933, 941–43 (9th Cir. 1971).

■ A material witness warrant must be based on probable cause, which under 18 U.S.C. § 3149 and Rule 46(b), Federal Rules of Criminal Procedure, must be tested by two criteria: (1) "that the testimony of a person is material" and (2) "that it may become impracticable to secure his presence by subpoena." These requirements have been held to be reasonable, and if met, sufficient to support the issuance of an arrest warrant. *Bacon v. United States, supra; United States v. Feingold*, 416 F.Supp. 627, 628 (E.D.N.Y.1976).

■ In the Government's Application and the affidavit of James Dempewolf, there is sufficient factual data to support the finding of probable cause and issuance of the warrant.

As to materiality, (a) Alston was the purchaser of the controlled substance from the Defendant on the occasions for which Defendant is charged in this case; (b) Alston is the sole eyewitness to the alleged offenses; and (c) Alston is a link in the chain of custody of the substances involved. These facts are sufficient to determine that Alston's testimony at trial will be material.

As to the element of probable cause, "may be impracticable to secure the witness' presence by subpoena", the Dempewolf affidavit shows that (a) Alston has refused to cooperate with law enforcement officials since April 15, 1978; (b) Alston has indicated that he will not testify in this case unless the Oklahoma Bureau of Narcotics and Dangerous Drug Control satisfies certain conditions that Dempewolf states are impossible to meet; (c) two unsuccessful attempts have been made to serve Alston with a subpoena through his attorney; and (d) Alston's attorney has indicated that Alston has expressed a definite unwillingness to cooperate with the Government. Under such circumstances, the Court finds that Alston's testimony at the trial of this case could not practicably be assured by a subpoena.

Accordingly, the Government's Application for Warrant of Arrest and For Order Imposing Conditions of Release of Material Witness is granted and a material witness warrant should be issued for the arrest of Alston.

Once Alston has been taken into custody, he will be entitled to present additional information to the appropriate judicial officer for his release pursuant to 18 U.S.C. §§ 3146 and 3149. At that time, the full factual picture can be developed, thereby protecting Alston against any possible abuse of the arrest power by the Government. *See United States v. Feingold, supra*, 416 F.Supp. at 629. In the meantime upon arrest Randell Morell Alston will be held without bail.