958 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donna Sue CASTIGLIONE, Defendant-Appellant.
 No. 91-10145.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 9, 1992.*
Decided March 17, 1992.
 
 Before CHAMBERS, FARRIS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donna Sue Castiglione appeals her jury conviction for making a false statement in relation to a bankruptcy proceeding in violation of 18 U.S.C. § 152. Castiglione contends that her conviction should be overturned because: 1) the evidence was insufficient to support the verdict; 2) the prosecutor's actions constituted misconduct; 3) the judge improperly instructed the jury; and 4) she was denied effective assistance of counsel. We affirm.
 
 
 3
 Castiglione's reliance upon Bronston v. United States, 409 U.S. 352 (1973), is misplaced. A defendant is not shielded from perjury when answering questions that are "precise, simple, direct, and unequivocal." United States v. Ansfield, 539 F.2d 674, 678 (9th Cir.1976). Castiglione failed to truthfully answer simple and straightforward questions. Bronston does not apply to responsive answers to clear questions. United States v. Cuesta, 597 F.2d 903, 920 (5th Cir.), cert. denied, 444 U.S. 962 (1979).
 
 
 4
 Castiglione acknowledges, as she must, that where each act individually constitutes a ground for conviction, the government need only prove that sufficient evidence supports one of the acts to sustain the conviction. United States v. Jessee, 605 F.2d 430, 431 (9th Cir.1979). The government listed five separate violations in its indictment, each sufficient to support a conviction. Castiglione has failed to establish that all five of the offenses were not adequately supported by the evidence. See United States v. Orozco-Santillan, 903 F.2d 1262, 1265 (9th Cir.1990) (evidence used to support a conviction reviewed in light most favorable to the prosecution, and the court must affirm if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt).
 
 
 5
 Because Castiglione did not object to prosecutorial misconduct during the trial, we review her allegations for plain error. United States v. Young, 470 U.S. 1, 14-15 (1984). We examine the government's actions to determine whether the conduct "materially affected the fairness of the trial." United States v. Polizzi, 801 F.2d 1543, 1558 (9th Cir.1986) (citations omitted).
 
 
 6
 The prosecutor did not commit misconduct by asking questions based on joint finances. Castiglione filed for joint bankruptcy with her husband. She filled out and signed a joint Financial Statement. She held joint bank accounts with her husband. The trial judge instructed the jury that Randy Castiglione's actions could not be the basis for a guilty verdict against Donna Castiglione. There was no error.
 
 
 7
 Castiglione argues that several jury instructions were erroneous. We review the jury instructions for an abuse of discretion. United States v. Linn, 880 F.2d 209, 217 (9th Cir.1989). Jury instructions are considered as a whole to determine if they are misleading or inadequate. United States v. Spillone, 879 F.2d 514, 525 (9th Cir.1989), cert. denied, 111 S.Ct. 210 (1990).
 
 
 8
 The district court carefully instructed the jury that Donna Castiglione could only be convicted if: 1) she had knowledge of the withheld assets; and 2) knew her statements were false. The district court told the jury that Randy Castiglione's actions should not be considered, and that his case should "not control nor influence" their verdict with respect to his wife. Our review of the other contested jury instructions indicates that they were proper.
 
 
 9
 Finally, Castiglione argues that her trial counsel was ineffective because he did not raise the "literally true" defense, as well as other defenses first raised on appeal. In order to establish ineffective assistance of counsel, the defendant must: 1) show that the attorney's errors or omissions reflect a failure to exercise the skill, judgment, or diligence of a reasonably competent attorney; and 2) affirmatively prove prejudice as a result of the attorney's conduct. Strickland v. Washington, 466 U.S. 668, 687-692 (1983).
 
 
 10
 Trial counsel made several timely objections and succeeded in excluding the testimony of a government witness. Further, any alleged failures all related to meritless claims. See Boag v. Raines, 769 F.2d 1341, 1344 (9th Cir.1985) (failure to raise a meritless argument does not constitute ineffective assistance), cert. denied, 474 U.S. 1085 (1986). There was no error.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3