61 F.3d 914
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfonso VALENCIA, Defendant-Appellant.
 No. 94-10348.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 15, 1995.
Decided July 26, 1995.
 
 Before: SCHROEDER, BEEZER and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alfonso Valencia appeals his conviction following a jury trial and his sentence under the United States Sentencing Guidelines (the guidelines) for conspiracy to distribute and possession with intent to distribute a controlled substance, 21 U.S.C. Secs. 846 and 841(a)(1); possession with intent to distribute a controlled substance, 21 U.S.C. Sec. 841(a)(1); and aiding and abetting, 18 U.S.C. Sec. 2. We affirm.
 
 FACTS
 
 3
 Drug Enforcement Administration (DEA) informant Paul Valim telephoned appellant Valencia seeking to buy methamphetamine. The two met at a bar that afternoon. Valencia told Valim to contact Ricardo Lopez-Hernandez (Richard), who according to Valencia could provide Valim with the methamphetamine he wanted. Valencia offered to introduce Valim to Richard, and told Valim that Richard's "stuff was good" and that Richard had two pounds "right now."
 
 
 4
 Using the phone number Valencia gave him, Valim called Richard and asked to buy three pounds of methamphetamine. When Valim arrived at their prearranged meeting place, he discovered Richard had misunderstood him and had brought only three ounces of the drug. Richard agreed to return with three pounds.
 
 
 5
 While waiting for Richard, Valim called Valencia. Valencia told Valim the drugs would be ready by 11:30 that night and that he, Valencia, would use his own money to finance the transaction. Valencia called Valim back later and told him the drugs would arrive in thirty minutes.
 
 
 6
 When Richard and his brother Jesus subsequently showed up with two pounds of methamphetamine, they were arrested by DEA agents. Valencia was arrested two days later.
 
 
 7
 Valencia was charged with conspiring with Richard and Jesus to distribute and possess methamphetamine with intent to distribute and with possession of methamphetamine with intent to distribute. He was convicted and sentenced to 250 months in prison, a five-year term of supervised release, and a mandatory $100 penalty assessment. This appeal followed.
 
 DISCUSSION
 I. Return of the Indictment
 
 8
 Valencia contends the government's failure to return his indictment in "open court," as required by Federal Rule of Civil Procedure 6(f), mandates reversal of his conviction. This challenge to the indictment is a question of law which we review de novo. United States v. Kahlon, 38 F.3d 467, 469 (9th Cir.1994).
 
 
 9
 Under the federal rules, objections to "defects in the institution of the prosecution" must be made before trial. Id. (quoting Fed.R.Crim.P. 12(b)(1)). " '[I]rregularities in grand jury proceedings' are considered to be defects in the institution of the prosecution within the meaning of Rule 12(b)(1)." Id. By failing to raise such a defect before trial, Valencia waived the objection, and we decline to address the issue in this appeal. See id. (citing Fed.R.Crim.P. 12(f)).
 
 II. Reopening of the Government's Case
 
 10
 Valencia contends the district court abused its discretion when it allowed the government to reopen its case so that a witness could identify Valencia as the perpetrator of the charged crimes. See United States v. McQuisten, 795 F.2d 858, 863 (9th Cir.1986) (district court's decision to allow a party to reopen its case reviewed for an abuse of discretion). Without this identification, Valencia argues there was insufficient evidence to convict him.
 
 
 11
 None of the factors relevant to our inquiry points to an abuse of discretion by the district court. See United States v. Sisack, 527 F.2d 917, 919-20 (9th Cir.1975). The importance of the additional testimony was not distorted by its presentation on reopening, and the motion to present it was timely, coming on the heels of the government's case and Valencia's motion for acquittal. See id. at 920. The testimony was unquestionably material, as reflected by Valencia's motion for acquittal "on the basis that the government's case-in-chief lacked such evidence." See id.
 
 
 12
 The fact the government moved to reopen only after Valencia pointed out the identification gap in the government's case does not alter this analysis. See id. (affirming district court's decision to allow government to reopen its case after defendant pointed out defect); see also United States v. Alexander, 48 F.3d 1477, 1491 (9th Cir.1995) (approving practice of allowing government to reopen case to establish defendant's identity after defendant moves for acquittal).
 
 
 13
 The district court did not abuse its discretion by allowing the government to reopen its case to present the identification testimony. With this testimony, there was ample evidence to convict Valencia.
 
 III. Admission of Informant's Statements
 
 14
 Valencia contends the district court erred by admitting tape recordings of conversations between him and the informant, Valim, because Valim's side of the conversations was hearsay. We review evidentiary rulings involving factual determinations for an abuse of discretion. United States v. Mullins, 992 F.2d 1472, 1475 (9th Cir.), cert. denied, 114 S.Ct. 556 (1993). The district court's construction of the Federal Rules of Evidence is a question of law we review de novo. Id.
 
 
 15
 Valim's statements were not offered for the "truth of the matter asserted." Fed.R.Evid. 801(c). Instead, they were "an essential part of the conversation" between Valim and Valencia--"no one could follow the conversation if only [Valencia's] half were played." United States v. Kenny, 645 F.2d 1323, 1339-40 (9th Cir.), cert. denied, 452 U.S. 920, and cert. denied, 454 U.S. 828 (1981); see also United States v. Whitman, 771 F.2d 1348, 1352 (9th Cir.1985). The fact that Valim was an informant and not a coconspirator is inconsequential. See Whitman, 771 F.2d at 1352; Kenny, 645 F.2d at 1340; see also United States v. Tille, 729 F.2d 615, 620 (9th Cir.), cert. denied, 469 U.S. 845, and cert. denied, 469 U.S. 848 (1984).
 
 
 16
 Valencia requested a limiting instruction when the tape recorded conversations were admitted into evidence, which the district court erroneously refused. See Fed.R.Evid. 105 ("When evidence which is admissible ... for one purpose but not admissible as to ... another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly.").
 
 
 17
 The district court's error, however, was harmless. See United States v. O'Brien, 601 F.2d 1067, 1070-71 (9th Cir.1979) (reviewing failure to give a requested and appropriate limiting instruction for harmless error). There was overwhelming evidence of Valencia's guilt. Valencia himself admitted setting up the drug deal with Valim.
 
 
 18
 Valencia also contends Valim's statements should have been excluded under Federal Rule of Evidence 403. At trial, Valencia never objected to the admission of the statements on this basis. Even assuming that the probative force of Valim's statements were outweighed by their prejudicial effect, admitting the statements did not constitute plain error. Valim's statements were no more incriminating than Valencia's own. Even without Valim's statements, the evidence of Valencia's guilt was overwhelming.
 
 IV. Limitations on Expert Testimony
 
 19
 At trial, Valencia called an expert witness, Dr. Terrell, to support his voluntary intoxication defense. Valencia contends the district court erred by refusing to allow Dr. Terrell to testify regarding Valencia's ability to form the requisite criminal intent. We review the exclusion of expert testimony by a district court for abuse of discretion or manifest error. United States v. Lewis, 837 F.2d 415, 418 (9th Cir.), cert. denied, 488 U.S. 923 (1988).
 
 
 20
 Under Federal Rule of Evidence 704(b),
 
 
 21
 [n]o expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.
 
 
 22
 Fed.R.Evid. 704(b).
 
 
 23
 The district court did not abuse its discretion by limiting Dr. Terrell's testimony. Dr. Terrell was permitted to testify as to whether Valencia suffered from alcoholism, and to describe the characteristics and effects of the disease. This approach comported fully with Rule 704(b) and our case law. See United States v. Juvenile Male, 864 F.2d 641, 647-48 (9th Cir.1988); Lewis, 837 F.2d at 418.
 
 V. The Lesser-Included Offense Instructions
 
 24
 Valencia contends the district court erred by refusing to instruct the jury that conspiracy to possess methamphetamine in violation of 21 U.S.C. Sec. 844, is a lesser-included offense of conspiracy to possess methamphetamine with intent to distribute, and that possession of methamphetamine is a lesser-included offense of possession with intent to distribute.
 
 
 25
 Whether a defendant is entitled to a lesser-included offense instruction is determined by a two-step test. "First, the defendant must prove that the offense on which instruction is sought is a lesser-included offense of that charged and second, the defendant must show that the jury rationally could conclude that the defendant was guilty of the lesser-included offense but not of the greater." United States v. Vaandering, 50 F.3d 696, 703 (9th Cir.1995) (quoting United States v. Pedroni, 958 F.2d 262, 267-68 (9th Cir.1992)). The first step is a question of law we review de novo. Id. (citing United States v. Torres, 937 F.2d 1469, 1476 (9th Cir.1991), cert. denied, 502 U.S. 1037 (1992)). The second step is a factual finding we review for abuse of discretion. Id. (citing Torres, supra ).
 
 
 26
 Valencia correctly states that as a matter of law, possession and conspiracy to possess are lesser-included offenses of possession with intent to distribute and conspiracy to possess with intent to distribute, respectively. See id. (conspiracy); United States v. Sitton, 968 F.2d 947, 959 (9th Cir.) (possession), cert. denied, 113 S.Ct. 478 (1992), and cert. denied, 113 S.Ct. 1306 (1993).
 
 
 27
 However, given the overwhelming evidence of Valencia's intent to distribute methamphetamine, no rational juror could have found him guilty of possession but not guilty of possession with intent to distribute.
 
 
 28
 Valencia also argues the district court erred by failing to instruct the jury on 21 U.S.C. Sec. 853, use of a communication device in a drug crime. He contends section 853 is a lesser-included offense of section 841(a)(1), possession with intent to distribute a controlled substance.
 
 
 29
 We disagree. The elements of section 853 are (1) knowingly or intentionally using a communication device; and (2) in order to aid or facilitate a drug crime. United States v. Whitmore, 24 F.3d 32, 35 (9th Cir.1994). Valencia's purpose in talking to Valim on the telephone was to set up a drug deal, i.e., to distribute methamphetamine. Consequently, a rational jury could not find Valencia guilty of section 853 without finding him guilty of the greater offense of possession with intent to distribute. See United States v. Dinkane, 17 F.3d 1192, 1200 (9th Cir.1994).
 
 VI. Willfulness Instruction
 
 30
 Valencia contends the district court erred by refusing to instruct the jury on the element of "willfulness." Whether a jury instruction correctly sets forth the elements of a statutory crime is a question of law we review de novo. Vaandering, 50 F.3d at 702 (citing United States v. Blinder, 10 F.3d 1468, 1477 (9th Cir.1993)).
 
 
 31
 Valencia's reliance on out-of-circuit case law is misplaced. In this circuit, willfulness is an element of neither conspiracy nor possession with intent to distribute methamphetamine. See United States v. Innie, 7 F.3d 840 (9th Cir.1993) (possession with intent to distribute), cert. denied, 114 S.Ct. 1567 (1994); United States v. Negrete-Gonzales, 966 F.2d 1277, 1281-82 (9th Cir.1992) (conspiracy) (citing United States v. Melchor-Lopez, 627 F.2d 886, 890-91 (9th Cir.1980)). The district court did not err by declining to instruct the jury on willfulness.
 
 
 32
 VII. Two-Level Enhancement for Leadership Role
 
 
 33
 Valencia contends the district court erred by departing upward by two levels pursuant to Sec. 3B1.1(c) of the guidelines. Section 3B1.1(c) authorizes a district court to increase a defendant's offense level two points for acting as an organizer, manager or supervisor. We review de novo a district court's application of the guidelines. United States v. Hanna, 49 F.3d 572, 576 (9th Cir.1995). We review a district court's factual findings for clear error. Id.
 
 
 34
 In this circuit, under the version of the guidelines in effect at the time Valencia was indicted, for Sec. 3B1.1 to apply, a defendant had to have exercised a degree of control over other persons during the commission of his crime.[1] See United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990). Control over property, assets or the activities of the criminal organization was not enough. Id.; see also United States v. Hoac, 990 F.2d 1099, 1110-11 (9th Cir.1993) (holding defendant who opened a trading company to export heroin, arranged for a shipping container, assisted in placing the heroin in cans and loaded the shipping container was not a "leader" under Sec. 3B1.1), cert. denied, 114 S.Ct. 1075 (1994).
 
 
 35
 The district court adopted the relevant facts contained in the presentence report.[2] The presentence report included the following facts:
 
 
 36
 When contacted by [Valim], [Valencia] made methamphetamine available, and he sent his associate, Lopez, to actually deliver the methamphetamine. When Lopez delivered three ounces rather than three pounds of methamphetamine, Valencia got involved and provided the two pounds of methamphetamine, which was extremely high quality.... The firearm found in the possession of Lopez was given to him by Valencia. When Valencia's residence was searched, bullets for that gun were found in his residence. Further, the vehicle driven by Lopez belonged to Valencia.
 
 
 37
 Valencia's actions met the Mares-Molina standard. Valencia exercised control over Richard by directing, and providing him with the means to complete, his "assignment." Therefore, the district court did not err by departing upward pursuant to Sec. 3B1.1.
 
 VIII. Sentencing Entrapment
 
 38
 Valencia argues he was a victim of "sentencing entrapment," and therefore the district court improperly computed the amount of drugs for which he was responsible. According to Valencia, the amount of drugs for which he should be held responsible is three ounces, rather than two pounds. We review de novo the legality of a sentence. Hanna, 49 F.3d at 576.
 
 
 39
 "Sentencing entrapment or 'sentence factor manipulation' occurs when 'a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment.' " United States v. Stauffer, 38 F.3d 1103, 1106 (9th Cir.1994), quoting United States v. Stuart, 923 F.2d 607, 614 (9th Cir.), cert. denied, 499 U.S. 967 (1991).
 
 
 40
 At his sentencing hearing, Valencia did not raise the specific issue of sentencing entrapment. Nor did he object to the manner in which the district court calculated his base offense level. He therefore waived the sentencing entrapment objection he now asserts. See United States v. Visman, 919 F.2d 1390, 1393 (9th Cir.1990), cert. denied, 502 U.S. 969 (1991).
 
 
 41
 Even without his waiver, Valencia's sentencing entrapment argument fails. There is no evidence of entrapment in the record. From the outset, Valencia was willing to supply Valim with two pounds of methamphetamine. When Richard misunderstood the amount of drugs Valim wanted to buy, Valencia intervened and arranged for Richard to deliver the two pounds. At no time did Valencia exhibit any hesitancy to distribute the larger quantity, instead of the three ounces Richard mistakenly thought Valim wanted.
 
 
 42
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The commentary to Sec. 3B1.1 was amended in 1993 to resolve a split in the circuits over this issue. United States Sentencing Guidelines Manual, app. C, amend. 500 (1994). The amendment provides that
 To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants. An upward departure may be warranted, however, in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization.
 USSG Sec. 3B1.1, comment. (n. 2).
 
 
 [2]
 Relying on United States v. Conkins, 987 F.2d 564, as amended, 9 F.3d 1377 (9th Cir.1993), Valencia contends his case must be remanded for the district court to make written findings. Valencia, however, does not dispute the factual allegations contained in the presentence report. Compare id., 9 F.3d at 1387. Instead, he challenges the conclusion drawn by the district court that he acted as a "leader" in the drug conspiracy. In these circumstances, the district court's adoption of the presentence report's findings is sufficient and no remand is required. See United States v. Flores-Payon, 942 F.2d 556, 560 (9th Cir.1991)