**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John D. ST. PETER, Defendant–
Appellant.**

**No. 00–10147.
D.C. No. CR–99–00466–HDM.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2002 *.

Decided Feb. 20, 2002.

Before B. FLETCHER, T.G. NELSON and TALLMAN, Circuit Judges.

MEMORANDUM **

John D. St. Peter appeals his bench trial conviction for operating a motor vehicle while under the influence of alcohol in violation of 36 C.F.R. § 4.23(a)(1), operating a motor vehicle with a blood alcohol content of 0.10 grams or more of alcohol in violation of 36 C.F.R. § 4.23(a)(2), and open container in violation of 36 C.F.R. § 4.14(b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

St. Peter contends that the district court erroneously allowed the government to reopen its case to establish evidence of the court's jurisdiction. We review a district court's decision to reopen a case for abuse of discretion. *United States v. Sisack,* 527 F.2d 917, 919 (9th Cir.1975). *Sisack* highlights three factors to be taken into consideration when reviewing the district court's decision to reopen: (1) the possibility of undue emphasis to the additional testimony; (2) the basis for the untimely request; and (3) the materiality of the additional testimony. *Id.* at 919–20 (citing *Eason v. United States,* 281 F.2d 818, 822 (9th Cir. 1960)). Applying these factors here, we conclude the district court did not abuse its discretion.

The government also argues that the record contained sufficient evidence to support jurisdiction notwithstanding the additional testimony. Our review of the record supports this conclusion. *See United States v. Coutchavlis,* 260 F.3d 1149, 1153–54 (9th Cir.2001) (holding evidence sufficient to find incident occurred within national park where court could take judicial notice of location); *see also Volk v. United States,* 57 F.Supp.2d 888, 892–93 (N.D.Cal.1999) (taking judicial notice of federal jurisdiction where the government has demonstrated that the offense occurred in a national park and the parties did not dispute that the particular national

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

park was within the jurisdiction of the federal government).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.