**Daniel Jackson Oliver Wendel Holmes MORGAN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16782.**

United States Court of Appeals District of Columbia Circuit.

Argued June 18, 1962.

Decided Oct. 1, 1962.

Petition for Rehearing Denied Oct. 16, 1962.

Mr. Monroe H. Freedman, Washington, D. C. (appointed by this court), for appellant.

Mr. Charles T. Duncan, Principal Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., William C. Weitzel, Jr., Asst. U. S. Atty., and Nathan J. Paulson and Luke C. Moore, Asst. U. S. Attys., at the time the brief was filed, were on the brief, for appellee. Mr. John R. Schmertz, Jr., Asst. U. S. Atty. at the time of argument, also entered an appearance for appellee.

Before WILBUR K. MILLER, Chief Judge, and BAZELON and WASHINGTON, Circuit Judges.

BAZELON, Circuit Judge.

For a period of approximately fourteen months, appellant Morgan falsely held himself out to be Attorney Lawrence Archie Harris, who is a bona fide member of the District of Columbia bar, presently residing in California. During this time Morgan made numerous appearances in the courts of the District of Columbia representing defendants in criminal cases. He was tried and convicted on thirteen counts of an indictment:

Three counts of violating 18 U.S.C. § 1001 by concealing his name, identity, and non-admission to the bar before the United States District Court for the District of Columbia;

Four counts of violating 22 D.C.Code § 1303 by falsely impersonating Lawrence Archie Harris, a duly authorized attorney, before the United States District and Municipal Courts for the District of Columbia;

Three counts of violating 18 U.S.C. § 494 by forging the name L. A. Harris on

praecipes by which he entered his appearance in cases;

One count of violating 22 D.C.Code § 2501 by perjuring himself in taking an oath of admission;

One count of violating 22 D.C.Code § 1401 by forging a registration card; and

Two counts of violating 22 D.C.Code § 1301 by taking money from clients by falsely pretending that he was a licensed attorney.

Concurrent sentences of imprisonment for a total of three to ten years were imposed.

■ On the appeal, it is contended, *inter alia,* that imprisonment for three to ten years for a crime, the "gist" of which is "practicing law without a license," constitutes cruel and unusual punishment in violation of the eighth amendment. Governing case law, however, provides no support for this contention. Alternatively, appellant argues that, even if the three to ten year sentence does not violate the Constitution, it is "disproportionately harsh in relation to the essential nature of the offense" and consequently "the court should be more inclined to regard as harmful an error otherwise probably harmless" and should construe the penal statutes more narrowly than usual. Assuming arguendo the validity of this proposition,[1] we still find no error requiring reversal.

■ Nor can we accept appellant's argument that the applicable statutes must be read to exclude the acts with which he was charged. Appellant contends that neither 18 U.S.C. § 494 nor 22 D.C.Code § 1401 applies to his alleged offenses, and that consequently four of the five counts which carried a three to ten year sentence must be dismissed. In support of this contention, it is urged that Congress, in enacting these statutes, intended merely to codify the common law crime of forgery; that forgery at common law required that the forged writing "must be of apparent legal efficacy to impose * * * or to change a liability"; and that the appearance praecipes and registration card which were filed with the Clerk of the Court and which were allegedly forged in this case are not such writings.

Although Congress may have intended to adopt the common law requirements in regard to some of the elements of forgery, see Gilbert v. United States, 370 U.S. 650, 82 S.Ct. 1399, 8 L.Ed.2d 750 (1962), it seems clear that they did not intend to adopt the common law limitation on the types of writing which could be forged. 18 U.S.C. § 494 explicitly proscribes the forgery of "any bond, bid, proposal, contract, guarantee, security, official bond, public record, affidavit, or other writing * * *," and 22 D.C. Code § 1401 covers "any writing of a public or private nature, which might operate to the prejudice of another * * *." Had Congress intended the statutes to apply only to the types of documents which could be forged at common law, enumeration of the types of writings sought to be included would have been unnecessary. While we intimate no opinion concerning the general applicability of the statutes, we are satisfied that they were intended to include the types of instruments allegedly forged in the instant case. Cf. Prussian v. United States, 282 U.S. 675, 51 S.Ct. 223, 75 L.Ed. 610 (1931); Johnson v. Warden, 134 F.2d 166 (9th Cir. 1943); Head v. Hunter, 141 F.2d 449 (10th Cir. 1944).

■ Appellant further contends that the count charging violations of 22 D.C. Code § 2501 (which also carries a three to ten year sentence) must be dismissed because that statute is inapplicable to his alleged offenses. The statute applies to an oath or affirmation taken "before a competent tribunal, officer, or person, in any case in which the law authorized such oath or affirmation to be administered * * *." And it is argued that there "is no law prescribing" the oath involved in this case. The oath was taken

---

1. See United States v. Hoffman, 137 F.2d 416, 442 (2d Cir. 1943); United States v. Trypuc, 136 F.2d 900 (2d Cir. 1943).

pursuant to Rule 75(a) of the Municipal Court Civil Rules;[2] and this rule was adopted pursuant to 11 D.C.Code § 748a which grants the Municipal Court power "to make such rules and regulations as may be deemed necessary and proper for conducting business in said court." Appellant does not question the validity of the rule; but he argues that a perjury conviction cannot be predicated on an oath taken pursuant to it, since the oath is "derived from the general house-keeping powers of the clerk's office, rather than from a statute * * *." But 22 D.C.Code § 2501 covers oaths "which the law authorized," and an oath taken pursuant to a court rule validly enacted under the clear authority of a statute may be the subject of a perjury conviction under such a provision. See, e. g., United States v. Morehead, 243 U.S. 607, 37 S.Ct. 458, 61 L.Ed. 926 (1917); Johnson v. United States, 26 App.D.C. 128 (1905).

■ Appellant also contends that the three counts predicated on 18 U.S.C. § 1001 must be dismissed, because the alleged concealment did not involve a "matter within the jurisdiction of any department or agency of the United States," but rather involved a matter solely within the jurisdiction of a District of Columbia court. In support of his argument against a construction of the words "department or agency" which would include courts, appellant points out that such a construction would raise a host of problems not considered by Congress when it enacted the statute. For example, the following rhetorical questions are posed: "Does a defendant 'cover up * * * a material fact' when he pleads not guilty?" "Does an attorney 'cover up' when he moves to exclude hearsay testimony he knows to be true, or when he makes a summation on behalf of a client he knows to be guilty?"

Were we examining the statute without the benefit of prior Supreme Court construction, perhaps we would agree with appellant that Congress did not intend it to apply to courts (especially in light of 18 U.S.C. § 6 which states that the term "department" means "one of the executive departments * * * unless the context shows that such term was intended to describe the executive, legislative, or judicial branches of the government"). But the Supreme Court has explicitly stated, in Bramblett v. United States, 348 U.S. 503, 509, 75 S.Ct. 504, 99 L.Ed. 594 (1955), that the "context" of § 1001 "calls for an unrestricted interpretation" and that the word "'department,' as used in this context, was meant to describe the executive, legislative *and judicial branches of Government.*" (Emphasis supplied.) We are certain that neither Congress nor the Supreme Court intended the statute to include traditional trial tactics within the statutory terms "conceals or covers up." We hold only, on the authority of the Supreme Court construction, that the statute does apply to the type of action with which appellant was charged, action which essentially involved the "administrative" or "housekeeping" functions, not the "judicial" machinery of the court.

We have also examined the other statutes under which appellant was convicted

2. Rule 75(a), Municipal Court Civil Rules, provides in pertinent part:

   "The bar of this court shall consist of any person who is a member of the bar of the United States District Court for the District of Columbia in good standing, unless disbarred or suspended by action of this court, provided such person shall:

   "(1) Take and subscribe to the following oath or affirmation, viz.:

   " 'I, ——————, do solemnly swear (or affirm) that I am a member in good standing of the United States District Court for the District of Columbia, having been duly admitted on the —— day of ————, 19—; that I have not been suspended or disbarred by any Court; that I will demean myself as an attorney and counsellor of this Court uprightly and according to law; and that I will support the Rules of this Court, the laws of the District of Columbia, and the Constitution of the United States.' "

and find no ground for holding them inapplicable to the conduct charged.

Finally, appellant contends that, although he was competent to stand trial, he was incompetent to act as his own chief counsel. It is correctly urged that different criteria of competency are required for standing trial, and for acting as one's own chief counsel. But the record before us does not warrant reversal on this ground.[3]

Affirmed.

---

3. Appellant refers to matters dehors the record in support of this point. Such matters, including a psychiatric report, have been presented in support of a collateral attack under § 2255 now pending in the District Court. Our affirmance is without prejudice to the consideration of those matters in the § 2255 proceedings.