**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Selvin PERCELL, Defendant-Appellant.**

No. 75–1288.

United States Court of Appeals, Ninth Circuit.

Oct. 14, 1975.

Raymond E. Sutton (argued), Las Vegas, Nev., for defendant-appellant.

Richard A. Wright, Asst. U. S. Atty. (argued), Las Vegas, Nev., for plaintiff-appellee.

## OPINION

Before TRASK and SNEED, Circuit Judges, and PLUMMER,* District Judge.

PLUMMER, Senior District Judge:

After a trial by jury appellant (hereinafter Percell) was convicted of the offense of making false declarations before a grand jury in violation of 18 U.S.C. § 1623.

The issue presented by this appeal is whether the trial court erred in ruling as a matter of law that Percell's false declarations before the grand jury were material, and in denying Percell's motions for judgment of acquittal.

Percell contends that the declarations which led to his conviction were not material to the proceedings under consideration by the grand jury. Percell simply does not understand the pertinent law on the issue of materiality. The only requirement is that the question be material to a subject of grand jury inquiry. The evidence need not be material to the main issue and it need not be directed to the primary subject of the investigation. It is material if it is relevant to any subsidiary issue then under consideration. *United States v. Tyrone*, 451 F.2d 16 (9th Cir. 1971); *United States v. Lococo*, 450 F.2d 1196 (9th Cir. 1971). It is not even necessary for the government to prove the false declarations actually impeded the grand jury investigation. *United States v. Lococo, supra; Vitello v. United States*, 425 F.2d 416 (9th Cir. 1970). Materiality is tested as of the time the investigation is being made. Later proof that a truthful declaration would not have helped the grand jury does not render the false testimony immaterial. *United States v. Stone*, 429 F.2d 138 (2nd Cir. 1970).

It is well established under 18 U.S.C. § 1621 that a false declaration is material if it has a tendency to influence, impede or hamper the grand jury from pursuing its investigation. *United States v. Lococo, supra.* The test for materiality is the same under 18 U.S.C. §§ 1621 and 1623. *United States v. Lardieri*, 497 F.2d 317 (3rd Cir. 1974).

Materiality of a false declaration in a prosecution for making a false material declaration is a question of law for the trial court to determine. *Sinclair v. United States*, 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692 (1929); *Vitello v. United States*, 425 F.2d 416 (9th Cir. 1970); *United States v. Demopoulos*, 506 F.2d 1171 (7th Cir. 1974); *United States v. Paolicelli*, 505 F.2d 971 (4th Cir. 1974); *Tasby v. United States*, 504 F.2d 332 (8th Cir. 1974); *United States v. Koonce*, 485 F.2d 374 (8th Cir. 1973).

We hold that in the present case this issue was correctly decided by the trial court.

The test to be applied in reviewing the trial court's decision denying Percell's motions for judgment of acquittal requires that the evidence be considered in the light most favorable to the verdict of the jury. From our evaluation of all the evidence, we are satisfied that the jurors reasonably could decide that they would not hesitate to act in

---

* Raymond E. Plummer, Senior United States District Judge, District of Alaska, sitting by designation.

their serious affairs upon factual assumptions as probable as the conclusion that Percell was guilty as charged in the indictment. We find there is sufficient relevant evidence, from which, if considered most favorably to the government, the jury could rationally and properly find or infer beyond a reasonable doubt that appellant is guilty as charged.

The judgment of the trial court is affirmed.