**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ramiro PLASCENCIA–OROZCO, aka
Andres Mojares-Murillo,
Defendant-Appellant.**

No. 84–5083.

United States Court of Appeals,
Ninth Circuit.

Argued Sept. 5, 1984.

Submitted Aug. 6, 1985.

Decided Aug. 13, 1985.

Patrick K. O'Toole, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Mark F. Adams, San Diego, Cal., for defendant-appellant.

Before HUG and POOLE, Circuit Judges, and SOLOMON,* District Judge.

HUG, Circuit Judge:

Appellant Ramiro Plascencia-Orozco appeals his convictions for making false statements to a Federal Government agent, 18 U.S.C. § 1001 (1982), and obstructing justice, 18 U.S.C. § 1503 (1982). Appellant, who was not under oath, gave a false name to the presiding magistrate at his arraignment on a separate matter, thus concealing from the magistrate an extensive prior criminal record. We affirm.

## FACTS

Appellant was arrested on August 20, 1983, by a Border Patrol agent at the San Diego Airport. He gave his name as Andres Mojares-Murillo and said that he was an American citizen born in Puerto Rico. Agents found no criminal record under this name. Appellant was charged with aiding and abetting aliens in eluding inspection. On August 22, 1983, using the name of Majores-Murillo, Appellant executed a consent to be tried by a United States Magistrate. When asked that day by the magistrate if his name was Andres Mojares-Murillo, Appellant said it was. Appellant pled guilty to the charge and was given a 30-day suspended sentence and fined $100.

On September 3, 1983, a Border Patrol agent stopped Appellant for an immigration check approximately two miles from the Mexican border. Appellant once again gave his name as Andres Mojares-Murillo. The agent pulled a California driver's license from Appellant's wallet that identified him as Ramiro Plascencia-Orozco. Appellant insisted that he was Mojares-Murillo. A check of INS records revealed that Plascencia-Orozco had numerous immigration arrests and convictions. Appellant was arrested and advised of his rights. He then admitted entering the United States earlier that day without inspection. As fingerprint evidence admitted at trial later showed, Appellant's true name is Plascencia-Orozco.

Appellant was indicted for making a false statement to a federal agent, in violation of 18 U.S.C. § 1001, and for obstructing justice, in violation of 18 U.S.C. § 1503, by giving a false name to the magistrate on August 22. Following a court trial, the district court found Appellant guilty on both counts.[1]

## STANDARD OF REVIEW

■ Appellant argues that he cannot be indicted and prosecuted under section 1001 for giving a false name to the magistrate because the false statement was made in a judicial proceeding, and that he cannot be indicted and prosecuted for violating section 1503 because there was no intimidation

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

1. Appellant was also indicted and convicted for entering the United States at a place not designated for entry, 8 U.S.C. § 1325 (1982). His conviction under this count is not before us.

involved.[2] These contentions are questions of law and are therefore subject to *de novo* review. *United States v. McConney*, 728 F.2d 1195, 1200–02 (9th Cir.) (en banc), *cert. denied*, —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

## DISCUSSION

### A. *Section 1001 Violation—False Statement*

Appellant complains that his indictment, prosecution, and conviction for violating section 1001 is erroneous. 18 U.S.C. § 1001 provides as follows:

> Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

■ Appellant contends that his indictment, prosecution, and conviction for violating section 1001 is improper because the concealment of his identity did not involve a "matter within the jurisdiction of any department or agency of the United States," but was a matter solely within the jurisdiction of the judicial branch and, therefore, outside the reach of the statute. We disagree. Section 1001 applies to matters before the judiciary. *United States v. Rodgers*, 466 U.S. 475, 104 S.Ct. 1942, 1946–48, 80 L.Ed.2d 492 (1984); *United States v. Bramblett*, 348 U.S. 503, 509, 75 S.Ct. 504, 508, 99 L.Ed. 594 (1955); *United States v. Powell*, 708 F.2d 455, 457 (9th Cir.1983), *cert. denied*, —— U.S. ——, 104

S.Ct. 3540, 82 L.Ed.2d 845 (1984). We agree, however, with the D.C. Circuit's decision in *Morgan v. United States*, 309 F.2d 234, 237 (D.C.Cir.1962), *cert. denied*, 373 U.S. 917, 83 S.Ct. 1306, 10 L.Ed.2d 416 (1963), that application of section 1001 should be limited to matters arising in judicial proceedings that can be characterized as "administrative" or "housekeeping" functions of the court. In upholding the application of section 1001 to a defendant who concealed his identity and non-admission to the bar to a federal court, the D.C. Circuit held that

> We are certain that neither Congress nor the Supreme Court intended the statute to include traditional trial tactics within the statutory terms "conceals or covers up." We hold only, on the authority of the Supreme Court construction, that the statute does apply to the type of action ... which essentially involved the "administrative" or "housekeeping" functions, not the "judicial" machinery of the court.

*Morgan*, 309 F.2d at 237.

■ In the instant action, the magistrate's inquiry of Appellant as to his true identity was not an exercise of the magistrate's judicial powers, but was a function of the magistrate's administrative duties. Because Appellant was not under oath at the time he lied to the magistrate about his name, his statement is not punishable as perjury under 18 U.S.C. § 1621 (1982). A reasonable construction of section 1001 prevents Appellant from claiming that his action was a trial tactic in order to implicate the "judicial" functions of the magistrate. No trial strategy would justify the misrepresentation of the identity of a defendant. It was, therefore, not error to indict, prosecute, and convict Appellant under section 1001.

---

**2.** Appellant's counsel failed to raise these arguments at trial, which usually precludes the court from considering such challenges on appeal absent "plain error." "The standard of 'plain error' ... goes only to the issue of reviewability and not to the issue of whether reversal is warranted. Thus, an error unobjected to at trial may be so plain as to warrant review ... yet the

error may be harmless and, therefore, not justify a reversal." *United States v. Wilson*, 690 F.2d 1267, 1274 (9th Cir.1982), *cert. denied*. —— U.S. ——, 104 S.Ct. 205, 78 L.Ed.2d 178 (1983). Because we find no error in the ruling of the district court, we need not consider whether any error amounted to plain error.

## B. *Section 1503—Obstruction of Justice*

Appellant contends that his misrepresentation is not proscribed by the obstruction of justice statute, 18 U.S.C. § 1503. Section 1503 provides in pertinent part as follows

> Whoever corruptly ... influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined no more than $5,000 or imprisoned not more than five years, or both.

This court has previously addressed the interpretation and application of section 1503, holding that "[t]he use of the word 'corruptly' in the statute is a clear indication that not every violation of section 1503 involves threats or intimidation." *United States v. Rasheed,* 663 F.2d 843, 852 (9th Cir.1981), *cert. denied,* 454 U.S. 1157, 102 S.Ct. 1031, 71 L.Ed.2d 315 (1982). In concluding that the statute encompasses concealment of documents subject to a grand jury subpoena duces tecum, the court held that "the word 'corruptly' as used in the statute means that the act must be done with the purpose of obstructing justice." *Id.*

■ Under this definition, the deliberate concealment by the defendant of his identity is within the prohibition of section 1503. By giving a false name to the magistrate, a fact that could not be readily verified, Appellant effectively prevented the magistrate from gathering the facts necessary for the proper exercise of its discretion in sentencing him. Appellant concealed his criminal record and misled the magistrate about his true status. Such a misrepresentation constitutes an indictable offense under section 1503.

AFFIRMED.