**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Franke Eugenio MARTINEZ,
Defendant–Appellant.**

**No. 86–1377.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 14, 1987.

Decided Jan. 28, 1988.

As Amended on Denial of Rehearing and Rehearing En Banc Aug. 24, 1988.

---

**2.** Appellees' motion to strike a portion of appellant's appendix is moot and therefore is dis-

missed.

Michael E. Tigar, The University of Texas School of Law, Austin, Tex., for defendant-appellant.

Gary Clifford Korn, Asst. U.S. Atty., and Antonio Bustamonte, Tucson, Ariz., for plaintiff-appellee.

Before FLETCHER, WIGGINS and NOONAN, Circuit Judges.

FLETCHER, Circuit Judge:

Appellant Martinez appeals his conviction for making a false statement in violation of 18 U.S.C. § 1623.  We reverse.

## I.  FACTS

On September 3, 1980, appellant Martinez entered the United States from Mexico at the Nogales, Arizona, Port of Entry. At the time, a warrant was outstanding for his arrest arising out of charges pending against him in Colorado.

Martinez identified himself to Custom Officials in English as a U.S. citizen.  He stated that he worked in a John Deere plant in Des Moines, Iowa.  Inspectors found a Mexican passport bearing Martinez's photograph and identifying him as "Jose Reynoso Diaz," a Mexican citizen, and a Mexican military card in his luggage also identifying him as Diaz.

When asked to identify the passport, appellant ran out of the building and headed north into the United States.  Upon apprehension, he spoke a few sentences in English but then began speaking Spanish.  Of-

ficials read him his *Miranda* rights in both languages and turned him over to the Immigration and Naturalization Service ("INS"). The next day, an INS agent interviewed appellant, who said his name was Jose Reynoso Diaz and that he was a Mexican citizen. In fact, he had been living for some seven years in exile in Mexico under that name. His passport showed that a U.S. consul had issued him a nonimmigrant visa for entry into the United States in 1979.

On September 5, a criminal complaint was filed charging appellant with making a false claim of U.S. citizenship and with eluding inspection by INS officers. Later that day, he was brought before a magistrate for an initial appearance. Appellant requested an attorney. The magistrate questioned him in order to determine his eligibility for appointed counsel. During this questioning, appellant stated again that his name was Reynoso Diaz and that he was a Mexican citizen. When he was asked to sign the financial status report, he signed it with an "X."

In exchange for appellant's plea of guilty to eluding inspection, the government dropped the charge of a false claim of citizenship. Martinez was sentenced to 10 days' imprisonment. While he was serving his sentence, INS officers in Arizona ran a check on his fingerprints and learned he was, in fact, Franke Martinez, an attorney in Colorado, and a federal fugitive. Martinez was removed to Colorado, tried on the charges pending there, and found not guilty.

Two months later, in January 1985, appellant was indicted on two counts of having made false statements to government agents under 18 U.S.C. § 1001, and one count of having made a false statement to the magistrate when questioned concerning his financial eligibility for counsel in violation of 18 U.S.C. § 1623. In May 1986, the district court ordered that all charges against appellant be dismissed on the grounds of vindictive prosecution. This court reversed the dismissal. *United States v. Martinez*, 785 F.2d 663, 670 (9th Cir.1986).

Following trial, Martinez was acquitted by a jury of the two § 1001 counts, but convicted on the § 1623 charge. The court imposed a five-year sentence of imprisonment, suspended all but 90 days of it, and ordered probation for four and a half years.

After hearing, the court denied appellant's post-trial motion for acquittal. Martinez timely appealed.

## II. JURISDICTION

We have jurisdiction over appeals from final judgments of conviction pursuant to 28 U.S.C. § 1291.

## III. DISCUSSION

Appellant attacks his conviction on the ground that the government failed to establish that his use of the name "Diaz" during the hearing was material to his eligibility for appointed counsel. Materiality under § 1623 is a question of law, *United States v. Prantil*, 764 F.2d 548, 557 (9th Cir.1985), and therefore subject to *de novo* review. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.1984) (en banc).

■ To sustain a perjury conviction under section 1623, the government must prove that the defendant made a "false material declaration." 18 U.S.C. § 1623(a). A false statement is not perjurious unless material. *Prantil*, 764 F.2d at 556; *United States v. Ponticelli*, 622 F.2d 985, 989 (9th Cir.1980).

The indictment in appellant's case stated that the purpose of the hearing before the magistrate was to "determine the financial status of the defendant for the appointment of counsel." Appellant argues that since the government neither alleged that the financial information he offered was untrue nor offered any evidence to show what effect the use of another name would have on an indigency determination, it failed to prove materiality.

■ Since materiality is a legal question, the government need not prove it beyond a reasonable doubt. *See United States v. Farnham*, 791 F.2d 331, 334 (4th Cir.1986).

But since it is an element of a § 1623 offense, the burden still rests with the government to advance *some* showing. We have held that this showing must be made at trial. "[T]he sufficiency of the evidence regarding materiality must be judged in terms of what was available to the judge." *United States v. Dipp*, 581 F.2d 1323, 1328 (9th Cir.1978). The government may not, on appeal, rely on arguments or evidence that it could have presented to the trial court but did not. In the more common context in which § 1623 prosecutions appear—lying before a grand jury—other circuits have held that the government must establish materiality by showing a "nexus" between the false statements and the scope of the grand jury investigation. *See Farnham*, 791 F.2d at 333; *United States v. Berardi*, 629 F.2d 723, 727 (2d Cir.1980). The government concedes that in the case before us, it bore the burden of showing a nexus between Martinez's statement and the scope of the tribunal's investigation.

■ In the grand jury context, a false statement is material if it is relevant to any matter before the grand jury and if its falsity would have the natural tendency to influence the grand jury's investigations. *Prantil*, 764 F.2d at 557; *United States v. Anfield*, 539 F.2d 674, 678 (9th Cir.1976). The government need not show that the falsity *in fact* impeded its inquiries; it is enough if it "has a tendency to influence, impede, or hamper a tribunal from pursuing its investigation." *Anfield*, 539 F.2d at 678; *see also United States v. Percell*, 526 F.2d 189, 190 (9th Cir.1975) (commenting on a conviction for perjury before the grand jury, the court noted that materiality is tested as of the time the false statement is given. Later proof that a truthful declaration would not have helped the government does not make the statement immaterial). In the sentencing context, our court found

use of an alias material where it prevented the judge from finding the convicted person's prior criminal record. *United States v. Plascencia–Orozco*, 768 F.2d 1074, 1077 (9th Cir.1985). Although the court expressed the test in terms of actual obstruction of justice, it was based on the facts of that case. The proper test is to judge materiality in terms of its potential for obstructing justice at the time the statement is made, rather than to determine whether it actually misled the court. *United States v. Lococo*, 450 F.2d 1196, 1199 n. 3 (9th Cir.1971).

■ To establish materiality, the government offered at trial only the fact that the hearing was to determine financial eligibility for appointed counsel. It did not suggest how the identity of the defendant had any bearing on this issue. The sole purpose of such a hearing is to ascertain whether the defendant can pay for his own counsel or not. As the Second Circuit has observed, while a grand jury has "wide-ranging investigative function[s]," the objectives of a hearing to proceed in forma pauperis are by comparison "limited or more precisely defined." *Berardi*, 629 F.2d at 728. On appeal, the government maintains that appellant's use of an alias "effectively prevented the magistrate from gathering the facts necessary" to decide whether to appoint counsel. But the government failed at trial to provide adequate support for this contention, or to demonstrate that the name a defendant gives is material to the inquiry. Quite to the contrary, the government's witness, INS Agent Meek testified that when Martinez refused to sign his name on the financial status report, the magistrate said it was "not material to the issues at the hearing." [1]

We do not suggest that the use of an alias could never be material to a determination of indigency for purposes of appointment of counsel.[2] We merely reaffirm that

---

**1.** No contention has been made by anyone that the claim of indigency was false. The record indicates that, in fact, the court does not undertake such investigations.

**2.** The dissent misunderstands our holding when it says "[t]he majority agrees that the use of the

Diaz name was not material...." *Post* at 625. We make no judgment as to the materiality of the use of the name Diaz. We are passing only on the sufficiency of the government's showing at trial in this case.

the burden rests on the government to prove materiality in each case. Here the government failed to make such a showing. Under the circumstances of this case, the government utterly failed to show that the defendant's use of a name under which the defendant had lived for seven years was material to a hearing devoted solely to determining financial eligibility for appointment of counsel. The government did not present evidence sufficient to take the case to the jury on this count. We therefore reverse Martinez's conviction with prejudice.

REVERSED.

WIGGINS, Circuit Judge, dissenting:

Franke Eugenio Martinez lied to Immigration officials at the Nogales, Arizona, Port of Entry as he sought admission to the United States from Mexico. He intentionally withheld from the Border Officials his true name because of the existence of an outstanding warrant for his arrest under that name. Instead, he represented himself to be "Jose Reynoso Diaz," a name he adopted and had been using in Mexico during his flight from the United States charges against him.

The defendant repeated this deception when he was brought before the federal magistrate to determine his eligibility for counsel on minor immigration charges filed against him. When his true identity later became known, the present criminal action was filed. It charged the defendant with making a false statement to government agents, contrary to 18 U.S.C. § 1001, and making a false statement concerning his identity to a magistrate, contrary to 18 U.S.C. § 1623.

Following a jury trial, he was acquitted on the Section 1001 charge, but convicted on the Section 1623 complaint.

As the majority appropriately points out, the crux of this case on appeal is the defendant's contention that his use of the name "Diaz" was not material. The majority agrees that the use of the Diaz name was not material on the issue of the financial ability of the defendant to pay for private counsel.

I regard this to be a startling conclusion that simply does not comport with common sense. Accordingly, I must dissent.

The issue before the magistrate was to determine the ability of the person before him to afford private counsel. That person had two identities: an American citizen who was an attorney admitted to practice in Colorado; and an impoverished Mexican citizen. The defendant chose to reveal his Mexican identity and to withhold his American identity. Had the defendant told the truth, there is little doubt that the magistrate would have been on notice to make further inquiry concerning the financial circumstances of Franke Eugenio Martinez.

I do not regard this case as presenting a particularly close question concerning the tendency of the falsehood to hamper the investigation of the magistrate. *United States v. Anfield,* 539 F.2d 674, 678 (9th Cir.1976).

I would affirm the conviction.