**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Ansel Percival ALLEN,
Defendant–Appellant.**

No. 88–2712.

United States Court of Appeals,
Tenth Circuit.

Dec. 20, 1989.

Mark J. Rosenblum, Asst. Federal Public Defender (Michael G. Katz, Federal Public Defender, with him on the brief), for defendant-appellant.

Kathryn Meyer, Asst. U.S. Atty. for D. Colorado (Michael J. Norton, Acting U.S. Atty., and Robert G. Chadwell, Asst. U.S. Atty., with her on the brief), for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, and GARTH * and McKAY, Circuit Judges.

McKAY, Circuit Judge.

In 1987 defendant was arrested, charged, pled guilty, and was sentenced for violating

---

* Honorable Leonard I. Garth, Circuit Judge for the United States Court of Appeals, Third Circuit, sitting by designation.

18 U.S.C. § 1542. Throughout those proceedings, including his sentencing, defendant used the name "Glenn Wayne Miller." On June 24, 1987, the day the complaint was filed against him, defendant filed a financial affidavit seeking the appointment of an attorney without payment of a fee. In that affidavit he used the name Glenn Wayne Miller and parenthetically indicated he was also known as Steven E. Bates. The application for appointed counsel was granted.

In 1988 defendant was arrested for failure to appear following a deportation hearing. In the course of the arrest, it was learned that the defendant's true name was Ansel Percival Allen. Because of that discovery, Mr. Allen was prosecuted in the present proceeding with the crime of perjury, pursuant to 18 U.S.C. § 1621(2), for using a false name on his financial affidavit. Based on stipulated facts, the district court found defendant guilty as charged.

The first issue on appeal is whether the use of an alias in Mr. Allen's financial affidavit "in support of request for attorney, expert or other court services without payment of fee" (Financial Affidavit, see Addendum to Brief of Appellee filed March 17, 1989) constitutes a materially false statement in violation of section 1621(2). The key is materiality.

In an essentially identical case, the Ninth Circuit held that the government did not fulfill its burden to prove materiality where the government failed to show that a defendant's use of a false name on a financial affidavit would have changed the court's determination of indigency. *United States v. Martinez*, 855 F.2d 621 (9th Cir.1988). On the facts of this case, we also hold that the government failed to fulfill its burden to prove materiality. While the government need not prove the element of materiality beyond a reasonable doubt, it does bear the burden to produce some evidence showing materiality. *United States v. Farnham*, 791 F.2d 331, 334 (4th Cir.1986). "[T]he sufficiency of the evidence regarding materiality must be judged in terms of what was available to the judge." *United*

*States v. Dipp*, 581 F.2d 1323, 1328 (9th Cir.1978).

■ The test for materiality is whether the false statement has a natural tendency to influence or was capable of influencing the decision required to be made. *United States v. Girdner*, 773 F.2d 257, 259 (10th Cir.1985), *cert. denied*, 475 U.S. 1066, 106 S.Ct. 1379, 89 L.Ed.2d 605 (1986). In this case, the materiality issue is governed by the purpose of the affidavit which was filed. The relevant inquiry was simply whether the defendant was financially impecunious and thus qualified for the appointment of counsel. While there are many circumstances in which the use of an alias in an affidavit of impecuniosity would be material, on the narrow facts of this case we do not believe that is so. In this case, the government failed to show that the determination of indigency would have been changed or otherwise affected by the use of the true name. There is nothing in the record to indicate that had the defendant used his true name, either the results or the inquiry into impecuniosity would have been any different. The defendant was "indigent" under either name. Since the government failed to offer any evidence that the financial information was untrue or any evidence to show what effect the use of an alias would have had on the indigency determination, it failed to prove materiality—an essential element of its case.

In this case, the government did not make even as strong a showing of materiality as it did in *United States v. Martinez, supra*. In that case, as the dissent pointed out, the two identities suggested vastly different facts concerning the appropriate inquiry concerning the financial status of the applicant. One identity indicated that the applicant was an American citizen who was an attorney admitted to practice in Colorado and the name the defendant actually used indicated that he was an impoverished Mexican citizen. Nothing in this case suggests that the two identities, alias and real, result in different inquiries or different results flowing from the trial court inquiry concerning eligibility for counsel.

The government argues that because the magistrate was also determining eligibility for bail and other factors at the same time, these other inquiries justify a finding of materiality. However, the test for materiality is materiality to the purpose for which the allegedly false statement is made. In this case, the false statement was made on a form seeking a determination of indigency in order to secure appointed counsel. The statement was neither made nor submitted for the purposes of any of the proceedings which were only simultaneous, not intertwined. The materiality test is determined at the time and for the purpose for which the allegedly false statement was made. On the facts of this case, the test confines materiality to the determination of impecuniosity.

The defendant also claims in this proceeding that the government breached its plea agreement with him. In view of our reversal of the defendant's conviction under the materiality issue, it is not necessary for us to reach the breach of agreement claim.

This case is therefore REVERSED and REMANDED with directions to dismiss.