17 F.3d 397
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Henry PORTER, Jr., Defendant-Appellant.
 No. 92-50154.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 7, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Henry Porter, Jr. appeals his conviction for perjury under 18 U.S.C. Sec. 1623, contending that the allegedly perjurious statements were not material. We affirm.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 3
 In 1986, a federal grand jury began investigating allegations that former Drug Enforcement Agency (DEA) agent Darnell Garcia engaged in drug trafficking and money laundering. Porter was related to Garcia by marriage and allegedly served as his "close confidant."
 
 
 4
 In January 1990, after receiving a letter of immunity, Porter told federal agents of three meetings between himself and Garcia. At the first meeting, Porter allegedly overheard Garcia discuss narcotics shipments with two federal fugitives. At the second, Garcia allegedly asked Porter whether he was interested in "moving some gold," which Porter understood to mean transporting narcotics. Finally, Porter told the agents that he had assisted Garcia in a drug transaction involving Wayne Countryman, another DEA agent.
 
 
 5
 At Garcia's trial, Countryman testified against Garcia. The government also called Porter as a witness. At a hearing before the trial court, Porter denied that the three meetings with Garcia had occurred, and also denied telling federal agents about the meetings. The trial court then precluded Porter from testifying about his January 1990 disclosures to the federal agents.
 
 
 6
 Thereafter, the government charged Porter with three counts of perjury under 18 U.S.C. Sec. 1623, based on his allegedly false denials of the January 1990 disclosures. A jury convicted Porter on December 5, 1991. Porter appeals, arguing that the trial court improperly decided that his statements were material as a matter of law, and contending that his statements were not material. This court has jurisdiction under 28 U.S.C. Sec. 1291.
 
 II.
 DISCUSSION
 A. Materiality As An Issue of Law
 
 7
 In his reply brief, Porter contends that the trial court improperly determined that his statements were material as a matter of law, thus improperly removing that issue from the jury's consideration. Porter relies on United States v. Gaudin, 997 F.2d 1267 (9th Cir.), reh'g granted, 5 F.3d 374 (9th Cir.1993), and United States v. Valdez, 594 F.2d 725 (9th Cir.1979), in which we held that the materiality of false statements to government agencies under 18 U.S.C. Sec. 1001 must be determined by a jury.
 
 
 8
 We disagree. Gaudin and Valdez both involved convictions under 18 U.S.C. Sec. 1001, which prohibits false statements of material facts to government agencies. See Gaudin, 997 F.2d at 1271; Valdez, 594 F.2d at 728. This court has previously declined to extend the Valdez holding to perjury convictions under other statutes. United States v. Clark, 918 F.2d 843, 845-46 (9th Cir.1990) (collecting cases).[1] Indeed, the Supreme Court has long since decided that the materiality of a perjured statement is an issue of law for the court to decide. See Sinclair v. United States, 279 U.S. 263, 298 (1929).
 
 B. The Materiality of Porter's Statements
 
 9
 Porter next contends that the district court erred in finding that his statements before the Garcia trial judge were material. Having reestablished above that materiality is an issue of law, we review the district court's determination de novo. Clark, 918 F.2d at 846.
 
 
 10
 A false statement is not perjurious unless it is material. United States v. Martinez, 855 F.2d 621, 623 (9th Cir.1988). A statement is considered material if it "has a natural tendency to influence, or was capable of influencing, the decision of the decisionmaking body to which it was addressed." Clark, 918 F.2d at 846 (quoting Kungys v. United States, 485 U.S. 759, 770 (1988)). Materiality is assessed at the time a statement is made, without reference to whether that statement actually misled the court. Martinez, 855 F.2d at 624.
 
 
 11
 Porter argues that only the fact of his alleged meetings with Garcia, and not the fact that he told federal agents of those meetings, was material. We disagree. The purpose of Porter's testimony before the judge in the Garcia trial was to determine the scope of Porter's testimony before the jury in that trial. Porter's testimony denying the statements to federal agents was clearly capable of influencing the judge as to whether he would testify before the jury about the content of those statements.
 
 
 12
 The government rightly points out that, had Porter admitted making the statements but denied their truth, the prosecution could have asked him to explain why his earlier statements coincided with Countryman's testimony, and could have asked him whether Garcia had influenced him to change his story. Porter's explanations may have led the government to admissible evidence capable of influencing the trial court to allow Porter to testify.
 
 
 13
 In United States v. Kelly, 540 F.2d 990 (9th Cir.1976), cert. denied, 429 U.S. 1040 (1977), a grand jury was investigating a fraudulent scheme. One of the participants in the scheme appeared before the grand jury and falsely denied any involvement. Id. at 992. This court found that one subject of the grand jury's investigation was the extent of the witness's involvement in the fraud. Id. at 993. We held that the witness's false testimony was material, because "[b]y testifying falsely, he withheld from the grand jury direct evidence of the extent of his personal involvement." Id.
 
 
 14
 Here, in deciding whether Porter would testify about the Garcia meetings, one issue was the extent of his involvement in those meetings. By denying his previous disclosures to federal agents, Porter cut off further inquiry on that issue. Such inquiry may have led the judge to direct evidence that Porter did have some involvement in the Garcia meetings, or to other admissible testimony. Thus, Porter's denials were capable of influencing the judge's decision and were material. See United States v. Lococo, 450 F.2d 1196, 1199 (9th Cir.1971) (finding that defendant's false statements were material because they "curbed the flow of information to the grand jury"), cert. denied, 406 U.S. 945 (1972); see also United States v. Salinas, 923 F.2d 339, 341 (5th Cir.1991) (finding that witness' concealment of prior conviction from judge prevented judge from making an informed decision as to whether government could question witness about that conviction).
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Clark involved a conviction under 18 U.S.C. Sec. 1621. 918 F.2d at 845. However, this court has held that "the test for materiality is the same" under Sec. 1621 as for Sec. 1623, the statute at issue here, and that materiality under Sec. 1623 is an issue of law. See United States v. Percell, 526 F.2d 189, 190 (9th Cir.1975)