34 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph ABSHIRE, Defendant-Appellant
 No. 93-50521.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 13, 1994.
Decided Aug. 29, 1994.
 
 1
 Before: REINHARDT and NOONAN, Circuit Judges, and TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 BACKGROUND
 
 3
 In 1979, Robert Alton Harris was convicted of the brutal murders of two young boys. During that trial, Joseph Abshire testified that Harris had confessed to the two murders during a conversation that occurred while both men were in a holding cell.
 
 
 4
 Twelve years later, a federal habeas corpus hearing was conducted to determine whether the admission of Abshire's testimony represented a Massiah violation.[1] During the hearing, Abshire recanted the earlier statements he had made during Harris' trial and claimed that he was a government agent at the time of his conversation with Harris. While testifying, Abshire was questioned about the date on which this conversation took place. Although Abshire testified that his discussion with Harris had taken place on or shortly after August 21, 1978, the state presented evidence that it had occurred on July 26, 1978. Harris' habeas claim was subsequently dismissed.
 
 
 5
 The government waited for approximately 17 months, until after Harris was executed, to indict Abshire for perjury. It then claimed that five times during his 1991 testimony Abshire had testified falsely concerning the precise date upon which the 1978 conversation in question took place. Abshire was convicted on all five counts. He now appeals on various grounds. Because we find that the government failed to establish that Abshire's testimony concerning the date of the 1978 conversation was material to the issues in Harris' habeas corpus hearing, we do not reach several of Abshire's remaining claims, including his claim that the issue of materiality should have been submitted to the jury in accordance with our recent en banc decision in United States v. Gaudin, 94 Daily Journal D.A.R. 8593 (9th Cir.1994) (en banc);[2] his assertion that the government's conduct before the trial constituted an obstruction of justice;[3] and his claim that the five convictions based upon essentially the same erroneous statement concerning the dates on which the conversation took place were multiplicitous.
 
 ANALYSIS
 
 6
 Abshire was convicted under 18 U.S.C. Sec. 1623(a), which provides that a party who "under oath ... in any proceeding before or ancillary to any court ... knowingly makes any false material declaration ... shall be fined not more than $10,000 or imprisoned not more than five years, or both." We have noted that "[t]o sustain a perjury conviction under section 1623, the government must prove that the defendant made a 'false material declaration.' A false statement is not perjurious unless it is material." United States v. Martinez, 855 F.2d 621, 623 (9th Cir.1988) (citations omitted; emphasis added).
 
 
 7
 In order to meet its burden of proving materiality, the government must show at trial why the false testimony was relevant to the issue at hand. Martinez, 855 F.2d at 624.[4] Thus, given that the purpose of the habeas corpus hearing was to determine whether a Massiah violation had taken place, the government was required to prove at Abshire's trial that his statements about the date of his conversation were relevant to the question whether he was a government agent at the time.
 
 
 8
 The government has been wholly unable to explain to us how it met its burden at trial. Indeed, other than its unilluminating statement that it is "obvious" that the dates were material, it has only been able to provide three citations to the record where it contends that the evidence tends to establish the materiality of the dates involved. The first citation refers to the introduction of Abshire's declaration in support of Harris' habeas corpus petition. Significantly, the declaration makes no mention of the date upon which the conversation actually took place; it merely states that Abshire had reviewed the transcript "dated July 26th" and that he had been coached to make the statements contained within it. This statement, of course, tells us nothing with respect to the materiality question.
 
 
 9
 The second citation refers to the testimony of a witness responding to a question about whether the two dates at issue, July 26 and August 21, were significant; he merely stated that the tape-recorded conversations with Abshire took place on these dates. However, the witness did not explain why these two dates were material to a determination of whether Abshire was a government agent at the time either conversation took place. Nor does a close examination of the government's briefs and oral argument make it any more apparent to us.
 
 
 10
 The third citation, which refers to the testimony of a witness concerning the significance of the July date, is equally unhelpful. The witness merely noted:
 
 
 11
 If Abshire was not a government agent when Harris made the statements to him, there would be no Messiah [sic] claim; but if he was an agent of the government at the time the statements were made, there might be a Messiah claim. So, the 26th, if he had not had any contact with the government, he couldn't be a government agent. (emphasis added)
 
 
 12
 The witness provided no explanation of why it mattered in this case whether Abshire was mistaken about the date on which the conversation took place; all he did was to note correctly that Harris' claim depended upon whether Abshire was a government agent at the time of the conversation. When the government attempted to establish the materiality of the dates by asking the witness whether it was undisputed that Abshire had never had any contact with government agents before July 26, the court sustained the objection of Abshire's attorney that such testimony constituted hearsay. The witness' testimony thus provides no support for the government's claim that it met its burden of proving materiality at trial. Moreover, when asked at oral argument if there was any evidence presented at trial demonstrating that Abshire could not have been a government agent on July 26, the government could point to nothing on the record and conceded that it was "possible" that Abshire could have been a government agent when he first spoke with Harris, at least as far as the question of time is concerned.
 
 
 13
 On appeal, the government argues that the date was material because the theory of Harris' case depended upon the accuracy of Abshire's testimony concerning the date in question. Not only has the government been unable to cite us to any evidence from the trial record to support this conclusory statement, but during closing arguments, Harris' attorney conceded that Abshire had been mistaken about the date and noted that the mistake had no bearing upon the question of whether Abshire was a government agent when the conversation at issue took place. Thus, there does not even appear to have been a dispute among the parties that Abshire incorrectly identified the date of the conversation.
 
 
 14
 The district judge's ruling on this question is unilluminating. While conceding that the indictment refers only to the dates in question, she stated:
 
 
 15
 I can't just look at this case as being a case wherein we're talking about a conversation or conversations that took place either on July 26th or August 21st....
 
 
 16
 But the inference and the reason why the dates are significant is because of what Mr. Abshire was claiming at the habeas hearing, that is, that he was acting as a government agent and he claimed that [ ] through his declaration in support of the Harris' [sic] petition, which led the Ninth Circuit to determine that a hearing, an evidentiary hearing was necessary.
 
 
 17
 ....
 
 
 18
 And I haven't read the opinion [from the habeas corpus hearing] at all, but I certainly know what the conclusion was. But the significant point is that the Ninth Circuit felt it necessary and appropriate and significant enough for there to be an evidentiary hearing.
 
 
 19
 And during that hearing there's ample testimony that Mr. Abshire testified about these conversations and that these conversations in fact took place at a time after when he said they took place.
 
 
 20
 And the inference is that he could have been acting as a government agent or that the tapes were tampered with. And I think that we're losing track of that being a significant issue in this case, that the tapes were tampered with by the government and therefore the government could have been a player in denying Harris his right to a new trial with counsel in this case.
 
 
 21
 From what we can glean from the district judge's ruling, she held that the dates were material because they establish the time of a conversation that was material to the question raised during the habeas corpus hearing. That, however, is not enough. The date must be shown to be material, not the conversation.
 
 
 22
 It is the precise nature of the charges the government elected to bring against Abshire that cause its case to fail. Abshire was convicted of the charges set forth in the indictment--lying about the date of a conversation. He was not convicted of lying about the substantive matters in dispute. The government chose not to charge Abshire with lying when he said that he was acting at the behest of government agents or lying when he said the tapes were doctored.[5] The judge in no way explains how lying about the dates was relevant. Accordingly, we find that the district court erred as a matter of law in concluding that the government met its burden with respect to materiality.
 
 
 23
 Were we to accept the argument advanced by the government in this case, virtually any incorrect statement made by a party could serve as the basis for a perjury charge. For example, if a witness mistakenly testified that he saw a crime take place on a particular date or if the witness incorrectly described a minor detail during his testimony, he could, according to the arguments set forth by the government on this appeal, be convicted of perjury.
 
 
 24
 It is precisely to prevent such cases that we and other courts have emphasized the statutory requirement that, in order to support an accusation of perjury, the statement in question must be material. We find two decisions particularly helpful in this regard. First, in a case that bears many similarities to this one, the Second Circuit dismissed a defendant's claim that his conviction was based on perjured testimony because the witness had incorrectly testified about the date on which the he met the defendant and the date on which the defendant committed the crime. The court reasoned that "[e]ven if [the witness] was mistaken as to [the timing], [this fact] ha[s] no direct bearing on whether [the defendant] purchased, possessed and sold narcotics...." United States v. Abbinanti, 338 F.2d 331, 332 (2d Cir.1964). Similarly, the Seventh Circuit found that the government had not presented perjured testimony when witnesses made mistakes in testifying about the timing of particular events since the mistakes were not material to the question of whether the events actually took place. Anderson v. United States, 403 F.2d 451 (7th Cir.1968), cert. denied, 394 U.S. 903 (1969).
 
 
 25
 If the government wished to indict Abshire for perjuring himself by claiming he was acting at the behest of government agents when he spoke to Harris, it should have done so. It may not, however, attempt to punish Abshire indirectly by holding him accountable for making false statements that were immaterial to that question, and to any other issue in the habeas proceeding.
 
 CONCLUSION
 
 26
 The government has not pointed to any evidence presented at trial that demonstrates that Abshire's testimony about the date on which he spoke with Harris was material to the question of whether in doing so he was acting at the behest of government agents. Because the testimony which served as the basis for the perjury charges was not material, we reverse the conviction on all counts.
 
 
 27
 REVERSED.
 
 NOONAN, Circuit Judge, concurring:
 
 28
 Reversal is dictated by United States v. Gaudin, 94 Daily Journal D.A.R. 8593 (9th Cir.1994) (en banc).
 
 
 
 *
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Massiah v. United States, 377 U.S. 201 (1964), prohibits the introduction of evidence concerning a criminal defendant's statements when such evidence is obtained in a covert manner that deprives the defendant of the benefits of counsel
 
 
 [2]
 Although Gaudin concerns fraud prosecutions under 18 U.S.C. Sec. 1001 and Abshire was convicted under 18 U.S.C. Sec. 1632, it would be difficult to distinguish Gaudin from the facts of this case. Indeed, the same justifications that compel the submission of the issue of materiality to the jury in Gaudin seem equally applicable here
 
 
 [3]
 Abshire alleges first that the government waited until after Harris was executed before indicting Abshire, thus depriving him of a key witness. Abshire's second allegation is even more serious and compelling. Abshire alleges that the government attorneys visited a key witness the night before he was to testify, threatened to prosecute him for subornation of perjury, thus leading the witness to refuse to testify on Abshire's behalf, and then refused to offer the witness immunity. This, in turn, according to Abshire, led to his being deprived of the testimony of two other similarly situated witnesses who also refused to testify
 
 
 [4]
 We do not reach the issue of whether materiality is a factual element of the crime, in which case the government must prove its existence beyond a reasonable doubt, or whether it is a legal question, which would impose a less onerous burden of proof upon the government. See Martinez, 855 F.2d at 623-24; infra note 2 (discussing Abshire's strong Gaudin claim). As will be discussed below, under either standard, the government simply has not met its burden
 
 
 [5]
 Although the district judge briefly mentions that Abshire claimed that the July 26 transcript was doctored and contained several statements that he thought he had made at a later date, she does not explain why this fact made the precise date of the relevant conversation material to a determination of Harris' claim that Abshire was a government agent at the time
 In examining whether Abshire's statements about the tapes being doctored made his testimony about the dates material, we confine ourselves to the arguments presented by the government. The government's brief did not even mention this issue in support of its materiality argument. Instead, it asserted without any explanation that it was "obvious" that the dates were material and provided three citations to the record that it claimed would demonstrate the materiality of the dates in question. As we have shown, supra, all three totally fail to do so. Moreover, during extensive and detailed questioning on Abshire's materiality claim, counsel for the government mentioned the tapes only in passing but did not provide any explanation of their significance. Thus, on appeal the government has not been able to piece together any comprehensible theory to explain the relevance of Abshire's testimony regarding the tapes.