70 F.3d 1281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
JUVENILE MALE, Defendant-Appellant.
 No. 95-50130.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 15, 1995.
Decided Dec. 4, 1995.
 
 1
 Before: HALL and NOONAN, Circuit Judges, SHUBB,* District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 Manuel G., a juvenile, appeals his adjudication as a juvenile delinquent under 18 U.S.C. Sec. 5032 because of a perjury conviction under 18 U.S.C. Sec. 1623. He raises two arguments on appeal: (1) that his Sec. 1623 conviction is not supported by sufficient evidence because the Government failed to prove that his statement was false or material; and (2) that his Sec. 1623 conviction was the fruit of a vindictive prosecution. We affirm Manuel's adjudication.
 
 I.
 
 4
 On November 8, 1994, border officials stopped a Ford Thunderbird at the Mexican-American border near Calexico, California, and found 65 pounds of cocaine in a concealed compartment in the trunk. They drove the car to the Calexico business district, where the driver claimed the car would be picked up, and waited. They watched Manuel G., a 17-year old minor at the time, pace up and down the street where the Thunderbird was parked and periodically look over his shoulders. When Manuel got into the car and turned over the engine, the police arrested him.
 
 
 5
 Manuel was charged with violating 21 U.S.C. Sec. 841(a), knowing possession of a controlled substance. After a two-day trial ending on December 15, 1994, the judge concluded that although Manuel did not know that the car contained drugs, he did know that the car contained contraband. The judge found him guilty of the lesser-included offense of knowing possession of contraband and adjudged him a juvenile delinquent under 18 U.S.C. Sec. 5032.
 
 
 6
 During his two-day trial, Manuel was asked on direct examination:
 
 
 7
 Q: "You had never been to Calexico before [November 8]?"
 
 
 8
 A: "No."
 
 
 9
 On cross-examination the next day, he was asked:
 
 
 10
 Q: "Yesterday you testified that on November 8th, you went to Calexico for the first time and that the purpose was to visit--to meet your aunt, was that right?"
 
 
 11
 A: "Yes, true."
 
 
 12
 Manuel had entered the United States at the Calexico border crossing on November 1.
 
 
 13
 The government subsequently dismissed Manuel's first conviction and charged him with (1) a violation of 18 U.S.C. Sec. 545, for smuggling contraband; and (2) a violation of 18 U.S.C. Sec. 1623 (false declaration before a court) for the above statements. Manuel was convicted of the Sec. 1623 charge.[1]
 
 II.
 
 14
 Manuel claims that the government did not sufficiently prove that his allegedly perjurious statement was false or material. To establish perjury under 18 U.S.C. Sec. 1623, the government must show that (1) the defendant made a statement, (2) the statement was false, and (3) the statement was material. 18 U.S.C. Sec. 1623 ("Whoever under oath ... in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration ... shall be [guilty of perjury.]"). If any element is missing, a perjury conviction must be reversed.
 
 A.
 
 15
 With regard to falsity, Manuel makes two arguments.[2] He first argues that the Treasury Enforcement Communications System ("TECS") computer record showing that he crossed the border on November 1, standing alone, is not enough to prove that he crossed the border on that day. It is true that bare telephone records are often insufficient to prove that a conversation took place. See United States v. Kelly, 540 F.2d 990 (9th Cir.1976), cert. denied, 429 U.S. 1040 (1977) (finding that telephone records showing that a call was placed from one residence to another did not establish that the owners of the residences had a conversation, because other people could have answered the telephone). In this case, however, the issue was whether Manuel crossed the border. A telephone conversation, by its very nature, involves a telephone call and a conversation; thus, proof of a telephone conversation requires both a record of the call and the testimony of one of the call's participants. A border crossing, however, involves the physical act of crossing and no more; it can thus be substantiated solely by a computer generated business record showing a crossing. Even if it could not, Manuel cannot convincingly assert that another person used his card because it is standard procedure for Customs Inspectors to verify that the photograph on the TECS card matches its user.
 
 
 16
 Manuel next argues that his "no" answer to the question "You had never been to Calexico before?" was literally true because he could have thought that the question referred to the Calexico business district (where he had never been before), and not the Calexico border crossing (where he had been on November 1). This seems implausible given that the business district is only two blocks from the border crossing. Not only would it seem physically difficult to visit one and not the other, it also seems unlikely that Manuel would have thought the question on direct examination referred solely to the business district; the questions preceding Manuel's proffered statement drew no distinction between the two. We therefore find sufficient evidence of falsity.
 
 B.
 
 17
 In the second half of his attack on the sufficiency of the evidence, Manuel claims that his false statement was immaterial. For the purposes of Sec. 1623, a statement is material if it " 'has a natural tendency to influence, or was capable of influencing, the decision of' the decision-making body to which it was addressed." Clark, 918 F.2d at 846 (citing Kungys v. United States, 485 U.S. 759, 770 (1988)). Such a statement "need not be material to any particular issue, but may be material to any proper matter of inquiry." United States v. Ostertag, 671 F.2d 262, 264 (8th Cir.1982). The government need only make "some showing" of materiality. Martinez, 855 F.2d at 624.
 
 
 18
 Materiality is a broad concept. See United States v. Clark, 918 F.2d 843 (9th Cir.1990) (finding that the defendants' statement that they were ill was material for perjury purposes to the defendants' claim of employer-retaliation because the statement, if false, would have given their employer a legitimate and non-retaliatory reason to punish the defendants for violating its sick leave policy). But see United States v. Martinez, 855 F.2d 621 (9th Cir.1988) (finding the defendant's false name immaterial in a hearing held solely to determine financial eligibility for appointed counsel); United States v. Prantil, 764 F.2d 548 (9th Cir.1985) (finding the defendant's statement that he did not know a particular woman's name immaterial when the woman never existed and was made up by the defendant).
 
 
 19
 Manuel claims that the date of his border crossing is immaterial to whether he knew the Thunderbird contained any drugs or contraband. The Government says it is material because Manuel's familiarity with Calexico either supports or contradicts Manuel's explanation for his actions on November 8. It is uncontested that Manuel paced up and down the street and looked over his shoulder many times before getting into the Thunderbird. Manuel claims he was window-shopping and drinking in all the sights of Calexico which were new to him. The government claims Manuel was engaging in counter-surveillance--something he would do only if he knew the Thunderbird contained contraband. If it were Manuel's first day in Calexico, it would corroborate Manuel's story; if it were not, it would support the Government's. Either way, the date of his crossing "tends to influence" whether the court believes Manuel knew of the Thunderbird's contents, which is an element of Sec. 841(a). Given the broad definition of materiality discussed above, the government has made a sufficient showing.
 
 
 20
 We therefore find that sufficient evidence supports Manuel's Sec. 1623 conviction.
 
 III.
 
 21
 Manuel argues that his Sec. 1623 conviction should be reversed because it is the product of prosecutorial vindictiveness. On January 10, 1995, Manuel moved for acquittal of his conviction for the lesser included offense under Sec. 841(a). The next day, the Government moved to vacate Manuel's Sec. 841 conviction and filed a second information charging him with violations of 18 U.S.C. Sec. 1623 and 18 U.S.C. Sec. 545. Manuel claims that the Government filed its additional counts in response to Manuel's exercise of his right to move for acquittal. The Government denies this accusation and contends that: (1) it brought the Sec. 545 claim for smuggling contraband to better reflect the nature of Manuel's offense and to give Manuel proper Due Process notice of the charges against him,[3] and (2) it brought the Sec. 1623 claim because Manuel did not perjure himself until the middle of his first trial.
 
 
 22
 To prevail, Manuel must show "facts that warrant an appearance of [vindictive prosecution]." United States v. Montoya, 45 F.3d 1286, 1299 (9th Cir.), cert. denied, 63 U.S.L.W. 3874 (U.S. Oct. 2, 1995).[4] However, no action for the appearance of vindictiveness lies unless the government increased the severity of the charges or the sentence. United States v. Kinsey, 994 F.2d 699, 701 (9th Cir.1993) ("[T]he doctrine of vindictive prosecution does not apply, when ... there has been no increase in the severity of the charge or sentence imposed.") (citation omitted); United States v. Parker, 991 F.2d 1493, 1499 (9th Cir.), cert. denied, 114 S.Ct. 121 (1993) (same); Gallegos-Curiel, 681 F.2d at 1168 (same).
 
 
 23
 Manuel is a juvenile whose detention or probation cannot continue beyond his majority--regardless of the charges involved. See 18 U.S.C. 5037(b), (c).[5] Thus, the length of Manuel's sentence is the same under the first and second informations--he is released when he turns 21.[6] Manuel has failed to show us how his sentence is worsened by an additional count (especially where, as here, Manuel was still only convicted of one count). Because Manuel cannot clear this threshold hurdle, his vindictive prosecution claim fails.
 
 
 24
 Manuel's conviction under 18 U.S.C. Sec. 1623 and his adjudication as a delinquent is AFFIRMED.
 
 
 
 *
 The Honorable William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The court granted Manuel's motion to dismiss the Sec. 545 count because of res judicata, double jeopardy, and unnecessary delay
 
 
 [2]
 Manuel also argues that the compound question asked on cross-examination was too imprecise to form the basis of a perjury conviction. See Bronston v. United States, 409 U.S. 352, 362 (1973) ("Precise questioning is imperative as a predicate for the offense of perjury."). This argument is beside the point because Manuel's negative response to the perfectly clear question on direct--"You had never been to Calexico before?"--dispenses with the need to analyze the question on cross examination
 
 
 [3]
 Indeed, it appears from the record that the court suggested recharging Manuel with an offense that better reflected the court's finding that Manuel was guilty only of a lesser included offense of Sec. 841(a)
 
 
 [4]
 A defendant may also prove actual vindictiveness. Montoya, 45 F.3d at 1299. Because the district court concluded in this case that there was "not a scintilla of evidence" of actual vindictiveness, Manuel does not press this claim on appeal
 
 
 [5]
 18 U.S.C. Sec. 5037(b) reads, in relevant part: "The term for which probation may be ordered for a juvenile found to be a juvenile delinquent may not extend ... in the case of a juvenile who is less than eighteen years old, beyond the lesser of--(A) the date when the juvenile becomes twenty-one years old ..." 18 U.S.C. Sec. 5037(b) (emphasis added)
 18 U.S.C. Sec. 5037(c) reads, in relevant part: "The term for which official detention may be ordered for a juvenile found to be a juvenile delinquent may not extend ... in the case of a juvenile who is less than eighteen years old, beyond the lesser of--(A) the date when the juvenile becomes twenty-one years old ..." 18 U.S.C. 5037(c) (emphasis added).
 
 
 [6]
 Ironically, if Manuel were an adult, he would be subject to less punishment under the second information than under the first because Sec. 841 offenses carry a ten-year minimum sentence while both Sec. 545 and Sec. 1623 have five-year maximums. 18 U.S.C. Secs. 545, 1623; 21 U.S.C. Sec. 841. It hardly seems vindictive for the Government to dismiss a conviction on a greater offense for two potential convictions on lesser offenses