### UNITED STATES of America, Plaintiff–Appellee,

v.

### Abel SALINAS, Defendant–Appellant.

### No. 90–2056.

United States Court of Appeals, Fifth Circuit.

Jan. 25, 1991.

Robert A. Whittington, Sanchez, Whittington, Janis & Russell, Brownsville, Tex. (court-appointed), for defendant-appellant.

---

Jeffrey A. Babcock, Paula C. Offenhauser, Asst. U.S. Attys., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Abel Salinas seeks reversal of his conviction for perjury. The sole issue is whether certain misrepresentations or concealments made by Salinas in open court were material within the meaning of 18 U.S.C. § 1623. Finding no error, we affirm.

## I.

In the course of a trial in which Salinas was charged with illegally transporting aliens, the Government sought to question Salinas about prior convictions pursuant to Fed.R.Evid. 609. In response to questions put to him by Judge Filemon Vela, Salinas admitted that he had been sentenced to two years probation for assault. The following exchange then occurred:

> THE COURT: "Seems like it is a misdemeanor. Mr. Crews, I would rather you not go into it. Is that the only thing you've been convicted of?"
>
> DEFENDANT SALINAS: "Yes, sir."
>
> THE COURT: "Anything else?"
>
> DEFENDANT SALINAS: "No, sir."

Based on this exchange, Judge Vela refused to allow the Government to question Salinas about his prior convictions. Thereafter, Salinas was acquitted.

A federal grand jury subsequently indicted Salinas for knowingly making a false material declaration under oath to a federal district court in violation of 18 U.S.C. § 1623(a). Specifically, the indictment charged that Salinas perjured himself in open court by failing to disclose to Judge Vela that, in addition to assault, he had also been convicted of felony criminal mischief.

While the perjury charge was pending, the Government tried Salinas on another alien transportation charge. During this trial, the Government apprised Judge Vela of Salinas's criminal mischief conviction. Nevertheless, Judge Vela again refused to allow the Government to question Salinas about prior convictions.[1]

At Salinas's perjury trial, Judge Garza—circuit judge, sitting by designation—ruled that Salinas's concealment of the criminal mischief conviction was material. Salinas was subsequently convicted, and he now appeals.

## II.

18 U.S.C. § 1623 subjects any person who knowingly makes a "false material declaration" in open court to a penalty of perjury. See United States v. Nixon, 816 F.2d 1022, 1029 (5th Cir.1987), cert. denied, 484 U.S. 1026, 108 S.Ct. 749, 98 L.Ed.2d 762 (1988) (in order to obtain a conviction for perjury, the Government must prove that the statements made by the defendant were (1) false, (2) material, and (3) not believed by the defendant to be true). Salinas admits that his statement to Judge Vela in the first trial was false. He argues, however, that the statement was not material because even when Judge Vela became aware of the felony conviction in the second trial, he still refused to allow the Government to use the conviction for impeachment purposes under Rule 609.

Initially, we note that although the materiality of a statement rests upon a factual showing, the ultimate finding on materiality is a question of law. United States v. Thompson, 637 F.2d 267, 268–69 (5th Cir.1981). Accordingly, we review the district court's materiality finding de novo.

Our circuit has long displayed a uniform understanding of the "materiality" concept embodied in section 1623. See, e.g., United States v. Thompson, 637 F.2d

---

**1.** The court apparently found that impeachment under Rule 609 was improper because the probative value of Salinas's convictions was outweighed by the danger of unfair prejudice and the crimes did not involve dishonesty or false statement. See Fed.R.Evid. 609.

at 268; *United States v. Giarratano*, 622 F.2d 153, 156 (5th Cir.1980); *United States v. Cosby*, 601 F.2d 754, 756 n. 2 (5th Cir. 1979); *United States v. Gremillion*, 464 F.2d 901, 905 (5th Cir.), *cert. denied*, 409 U.S. 1085, 93 S.Ct. 683, 34 L.Ed.2d 672 (1972). The most common formulation of that understanding is that a concealment or misrepresentation is material if it " 'would have the natural effect or tendency to influence' " the decision of the tribunal to which it is addressed. *Thompson*, 637 F.2d at 268 (quoting *Gremillion*, 464 F.2d at 905).

■ Salinas argues that, as applied to the present case, this test required the Government to prove that, had the truth been told, the district court would have made a different decision under Rule 609. The language of the materiality test forecloses this argument. Indeed, if the ultimate question is "natural effect or tendency to influence," the appropriate inquiry is not whether the court *would* have made a different decision if the truth had been told, but whether the district court *might* have made a different decision if the truth had been told. Thus, in *United States v. Giarratano*, we held that "[t]he test for materiality is a broad one—whether the false testimony was *capable* of influencing the tribunal on the issue before it." 622 F.2d 153, 156 (5th Cir.1980) (emphasis added) (citing *United States v. Cuesta*, 597 F.2d 903, 921 (5th Cir.), *cert. denied*, 444 U.S. 964, 100 S.Ct. 451, 62 L.Ed.2d 377 (1979)).

So understood, Salinas's concealment of his conviction for felony criminal mischief obviously was material. Rule 609 allows use of a prior felony conviction for impeachment purposes if the probative value of that conviction is not outweighed by the danger of unfair prejudice to the criminal defendant.[2] By failing to reveal his felony conviction, Salinas deprived the district court of the opportunity to apply this balancing test and make an informed decision about whether to allow the Government to question Salinas on this subject. The fact that the district court did not allow the questioning in a subsequent trial even when the truth was known does not render Salinas's previous false statement immaterial. As we have said, the false statement need not actually affect the tribunal's decision; it need only be capable of affecting the tribunal's decision. *See Giarratano*, 622 F.2d at 156; *Cosby*, 601 F.2d at 756.

In this case, knowledge of Salinas's prior felony conviction clearly was capable of affecting the court's decision to allow impeachment questioning in the first trial.[3] Salinas's appeal is therefore without merit. The judgment of the district court is AFFIRMED.

---

2. Rule 609 provides:
   (a) General Rule. For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during cross-examination but only if the crime (1) ... [is a felony] and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of punishment.

3. Indeed, without knowledge of the felony conviction, the district court had no choice but to disallow impeachment under Rule 609 because Salinas's assault conviction was only a misdemeanor.