**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 12-30423

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 11, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

RONALD MITCHELL,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CR-284-1

Before JOLLY, GARZA, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ronald Mitchell (Mitchell) appeals his convictions for perjury and obstruction of justice. We affirm.

In the days following Hurricane Katrina, Mitchell, then an officer of the New Orleans Police Department, was patrolling with another officer when Danny Ray Brumfield (Brumfield) made an effort to flag down the police car. During the ensuing confrontation, Mitchell shot and killed Brumfield. The Brumfield family subsequently filed a wrongful-death lawsuit and deposed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30423

Mitchell, who made several statements that were contradicted by other evidence, including that he exited the car to check Brumfield's pulse after the shooting.

A grand jury indicted Mitchell on two counts of obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2) and two counts of perjury in violation of 18 U.S.C. § 1621. After a jury trial, the jury returned a verdict of guilty on one count of obstruction and one of perjury, both stemming from Mitchell's statement that he exited the car. The district court denied Mitchell's motions for a judgment of acquittal and for a new trial. This appeal followed.

Mitchell first contends that the district court erred under *Brady v. Maryland*[1] when it denied him a new trial or a continuance after the Government disclosed exculpatory material five days before trial. When the Government makes a late disclosure of *Brady* material, "the inquiry is whether the defendant was prejudiced."[2] There is no prejudice if the defendant was able "to put [the material] to effective use at trial."[3] Here, Mitchell had five days to prepare, used the *Brady* material during cross-examination, and was acquitted of the counts related to that material. Because Mitchell effectively used the material at trial,[4] he was not prejudiced, and the district court did not err in denying the motion for a new trial. For the same reasons, the district court did not abuse its discretion in denying Mitchell's motion for a continuance.[5]

---

[1] 373 U.S. 83 (1963); *see also Brady*, 373 U.S. at 87 ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment . . . .").

[2] *United States v. McKinney*, 758 F.2d 1036, 1050 (5th Cir. 1985).

[3] *Id.* at 1050.

[4] *See, e.g.*, *United States v. O'Keefe*, 128 F.3d 885, 898-99 (5th Cir. 1997); *McKinney*, 758 F.2d at 1050-51.

[5] *United States v. Lewis*, 476 F.3d 369, 387 (5th Cir. 2007); *see also United States v. Hughey*, 147 F.3d 423, 431-32 (5th Cir. 1998).

No. 12-30423

Likewise, there is no merit to Mitchell's argument that the evidence was insufficient for the jury to find his statement either false or material.  Evidence is sufficient if "when reviewed in the light most favorable to the government with all reasonable inferences and credibility choices made in support of a conviction, [it] allows a rational fact finder to find every element of the offense beyond a reasonable doubt."[6]  As to falsity, five Government witnesses agreed that Mitchell did not exit the car, and the Government offered evidence demonstrating that Mitchell's own story was inconsistent.  As to materiality, the civil complaint requested punitive damages and alleged that Mitchell committed willful misconduct.  Thus, the statement was relevant to whether Mitchell acted in bad faith, and it could have influenced a punitive damages award.[7]

We reject Mitchell's argument that his convictions were multiplicitous; they were not, as "each charge requires proof of an element that the other does not."[8]  Finally, Mitchell has waived any argument that the district court erred in denying his motion for a mistrial because he cites no authority in support of this contention.[9]

*     *     *

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[6] *United States v. Asibor*, 109 F.3d 1023, 1030 (5th Cir. 1997); *see also United States v. Grant*, 683 F.3d 639, 642 (5th Cir. 2012).

[7] *United States v. Salinas*, 923 F.2d 339, 340-41 (5th Cir. 1991); *see also Sockwell v. Phelps*, 20 F.3d 187, 192 (5th Cir. 1994) ("Under § 1983, punitive damages may be awarded only if the official conduct is 'motivated by evil intent' or demonstrates 'reckless or callous indifference' . . . ." (quoting *Smith v. Wade*, 461 U.S. 30 (1983))).

[8] *United States v. Spurlin*, 664 F.3d 954, 965 (5th Cir. 2011) (citing *United States v. Nguyen*, 28 F.3d 477, 482 (5th Cir. 1994)), *cert. denied*, 133 S. Ct. 104 (2012).  *Compare* 18 U.S.C. § 1512(c)(2), *with id.* § 1621, *and United States v. Forrest*, 623 F.2d 1107, 1110 (5th Cir. 1980).

[9] FED. R. APP. P. 28(a)(9)(A); *United States v. Stalnaker*, 571 F.3d 428, 439-40 (5th Cir. 2009).