45 F.3d 440
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellant
v.
Myjuan Tarico BROWN, Defendant-Appellee.
 No. 94-5086.
 United States Court of Appeals, Tenth Circuit.
 Dec. 20, 1994.
 
 1
 Before HENRY, Circuit Judge, McKAY, Senior Circuit Judge, and SAFFELS,* Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 SAFFELS, Senior District Judge, Sitting by Designation.
 
 
 4
 The United States appeals from the District Court's dismissal of an Indictment for perjury against Mr. Myjuan Brown.
 
 
 5
 The facts are not in dispute. Mr. Brown was suspected of having participated in an armed robbery of a bank officer at the Stillwater National Bank. The grand jury heard testimony that there were two robbers and that Mr. Brown was a suspect. During his testimony before the grand jury, Mr. Brown was asked, "Are you now a member of a gang"? and "Have you ever been a member of a gang"? Mr. Brown responded to both questions in the negative. The response to the second question is the perjury alleged in the Indictment.
 
 
 6
 Prior to trial, and outside the presence of the jury, the district court heard argument on whether the false declaration was material and subject to the sanctions of 18 U.S.C. Sec. 1623. After an apparently spirited discussion, the district court found the question concerning Mr. Brown's membership in a gang immaterial. Consequently, the district court dismissed the indictment.
 
 
 7
 The government appeals and argues that the question was material to its inquiry about Mr. Brown's associates. Specifically, the government argues that had Mr. Brown answered truthfully, counsel would have continued the line of questioning to determine who his gang associates were and whether one of those associates was with Mr. Brown during the robbery.
 
 
 8
 Mr. Brown's attorney first counters that there was no indication that the robbery was gang-related. Second, counsel argues that the government could have directly asked Mr. Brown to identify his associates and chose not to do so.
 
 I. DISCUSSION
 A. Introduction
 
 9
 The investigative powers of the grand jury are, by design, broad. Branzburg v. Hayes, 408 U.S. 665, 668 (1972). Consequently, the grand jury has a responsibility to inquire into all information which might possibly bear on its investigation. United States v. R. Enterprises, Inc., 498 U.S. 292, (1991). Its power, however, is not unlimited and inquiries must be relevant and material. Accordingly, one cannot be convicted of committing perjury before a grand jury, unless there is a finding that the false testimony was material.
 
 
 10
 Materiality is a necessary element of the crime of perjury, as the statute prevents one from "knowingly mak[ing] any false material declaration." 18 U.S.C. Sec. 1623(a).
 
 B. Materiality
 
 11
 Whether a false declaration is material is an issue of law subject to our de novo review. United States v. Vap, 852 F.2d 1249, 1253 (10th Cir.1988).
 
 
 12
 Testimony is deemed material if "it had a tendency to influence, mislead or hamper the grand jury in a matter which it had authority to investigate." United States v. Larranaga, 787 F.2d 489, 494 (10th Cir.1986). There need be no actual effect; it is enough if the testimony was capable of influencing the grand jury. Vap, supra, 852 F.2d at 1253.
 
 
 13
 The government need not prove the element of materiality beyond a reasonable doubt, it does, however, bear the burden to produce some evidence showing that Mr. Brown's denial of past gang membership was material to the grand jury's investigation of the bank robbery. United States v. Allen, 892 F.2d 66, 67 (10th Cir.1989).
 
 
 14
 During the hearing in the district court, and at oral argument before this court, government counsel argued that he was seeking to uncover Mr. Brown's associates and then concentrate his search for the second robber on those individuals. Counsel stated that he started with a question about gang membership and would have continued to pursue who Mr. Brown's associates were if Mr. Brown had answered in the affirmative.
 
 
 15
 The district court questioned why counsel did not just ask Mr. Brown who his close associates were or who he was with on the day in question. This court, likewise, is puzzled why counsel was so easily thwarted in his efforts to ascertain Mr. Brown's associates once Mr. Brown denied having been a member of a gang.
 
 
 16
 Further, the district court queried counsel to produce any evidence that "gang membership in anyway was related to the armed robbery." We, like the court below, find no evidence in the record to suggest the robbery was in anyway connected to a gang or gang-related activity.
 
 
 17
 This court also finds no evidence to suggest that Mr. Brown's disavowal of past membership in a gang had any tendency to "influence, mislead or hamper" the grand jury in the matter under investigation. Mr. Brown's failure to answer in the affirmative did not prevent the grand jury from pursuing its investigation of other persons involved in the robbery.
 
 II. CONCLUSION
 
 18
 Mr. Brown's negative answer to the question concerning his gang membership, even if false, did not constitute perjury because it was immaterial to the grand jury investigation. The answer did not tend to influence, mislead or hamper the grand jury and an affirmative answer would not have advanced the investigation. The district court properly dismissed the indictment against Mr. Brown.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The Honorable Dale E. Saffels, Senior United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470